### GEORGE G. PAGE *vs.* ALONZO E. YOUNG & others.

Several owners of adjacent lands located a canal over the land, and agreed that each of them and the persons holding under them should have a right to pass upon the canal with vessels, and the same to fasten in one row to the landing-places on their respective premises, subject to removal so as always to keep a free passage through the canal. *Held*, that a person holding under one of these owners had no right to drive piles in the canal so as to render its navigation, and the approach to the premises of those holding under the other owners, more difficult.

If a suit in equity, in which a demurrer to the bill on the ground that the plaintiff has an adequate remedy at law is joined to the answer, is heard and reserved for the determination of the full court on the pleadings and agreed facts, without objection made at the hearing that the plaintiff's remedy is at law, such objection cannot be taken at the argument before the full court, and must be deemed waived.

BILL IN EQUITY, alleging that in 1806 Henry Hill and others, owning adjoining parcels of land in Cambridge, by an agreement under seal devoted certain portions of the land to canals then or thereafter to be dug for the use of proprietors and future owners of lands abutting thereon; that among these canals was one called Broad Canal, which they located eighty feet wide, leading

from low water on Charles River; that they granted to each of themselves, as owners of land abutting on the south side of Broad Canal, and to all persons holding under them, the right to pass over and through the canal with vessels, boats and rafts, and the same to lay and fasten in one tier or row to the wharves and landing-places on their respective lots, subject to removal so as always to keep a free passage through the canal; that the plaintiff, under conveyances from parties to this agreement, now owns land on the south side of Broad Canal, and has the right to the free and unobstructed use of the canal eighty feet in width; and that the defendants, who are owners of land on the canal, between the land of the plaintiff and Charles River, have driven piles into the canal, reducing its width to thirty feet, and are preparing to construct a bridge across the canal, greatly obstructing the navigation. The prayer was, that the defendants might be enjoined to interfere with the free use of the canal; and for general relief. The defendants, in their answer, denied that they were practically obstructing the canal; and joined to their answer a demurrer to the bill, on the ground that the plaintiff had an adequate remedy at law.

At the hearing, before *Gray*, J., the parties agreed that the agreement between Hill and others was made as alleged in the bill; that the canal was dug out as located; that the plaintiff, under conveyances from parties to the agreement, owned land on the south side of Broad Canal, and the defendants owned land, under conveyances from parties to the agreement, on the south side of the canal, between the plaintiff's land and Charles River, and also owned land on the north side of the canal, opposite to their land on the south side; that between the defendants' land and Charles River a highway crossed the canal by a bridge, having a draw thirty feet wide, and between the defendants' land and the plaintiff's land a railroad crossed the canal by a bridge having a draw originally twenty-eight feet wide, but widened to thirty-three feet since this suit was begun; that, against the plaintiff's objection, the defendants from their land on the south side of the canal have driven, out into the canal, a row of piles fifty feet long, leaving thirty feet of the canal unobstructed, and have pre-

pare'd and used a sliding rack running from the end of the piles to their land on the north side, which they can remove in a minute; that between March 1868 and December 1869 seventy-nine vessels passed through the canal to the wharf on the plaintiff's land; that before the erection of the piles it was customary for vessels, when the wind was favorable, to sail, float or drift up the canal, without warping or hauling, towards the plaintiff's wharf; that, when the wind was not favorable, vessels went up by warping on the south side of the canal; and that now vessels were in a great degree prevented from sailing, floating or drifting up, until after passing the defendants' piles; that a vessel going up the canal lost a chain plate and was scarred, by coming into collision with the defendants' piles, and a vessel coming down the canal from the plaintiff's wharf was delayed more than twelve hours by the grounding of another vessel in the thirty feet space left by the piles; and that the damage on both occasions was promptly paid for by the defendants.

The case was reserved by consent of parties, on the pleadings and these agreed facts, for the full court to render such judgment as should be conformable to equity.

*L. Marrett*, for the plaintiff.

*E. Ames*, for the defendants.

COLT, J. Both parties in this case claim title to the land occupied by them on the south side of Broad Canal in Cambridge, by mesne conveyances from certain persons who in 1806, being then owners of the same, and of other land in the vicinity, entered into an agreement among themselves, to devote certain portions of their land to canals, then or thereafter to be dug for the use of the proprietors and future owners of lots abutting on the same. Broad Canal was one of those laid out under this agreement.

The plaintiff's land bounds on this canal, and the original agreement defines the extent and character of the incorporeal right to which he has thus acquired title. The defendants, as owners of land bounding on the same, are governed in their use of it by the restrictions and limitations in favor of adjoining estates, which the original owners of the whole saw fit to impose; and the court will enforce the mode and extent of enjoy-

ment so established, in favor of any owner who is substantially
injured.

By the original agreement of 1806, the width of the canal is
fixed at eighty feet, and the right of free passageway for vessels
and other craft, to and from the wharves and landing-places, is
given to all persons who from time to time shall become the own-
ers of lands abutting on the same and holding under the parties to
it.   Upon the facts agreed at the hearing, there can be no doubt
that the structure erected by the defendants is a substantial in-
jury to the plaintiff's right of way.   To some extent, it hinders
and obstructs navigation, and increases the expense of transporta-
sion to and from his premises.   He is entitled to the relief he
seeks.   *Schwoerer* v. *Boylston Market Association*, 99 Mass. 285.
*Proprietors of Long Wharf* v. *Central Wharf Co.* 14 Allen, 271.
*Parker* v. *Nightingale*, 6 Allen, 341.   *Whitney* v. *Union Rail-
way Co.* 11 Gray, 359.

A demurrer to the bill for want of equity was added to the
defendants' general answer.   The case was not set down for hear-
ing upon the demurrer, but was submitted before a single judge
for a final hearing upon the pleadings and facts agreed, and was
reserved by him for the consideration of the full court.   It is now
objected that the bill cannot be maintained, because there is a
plain, adequate and complete remedy at law.   But after a case is
heard upon bill, answer and proof, and when the point was not
raised at the hearing and is not reserved in the report, the objec-
tion must be considered waived.   *Dearth* v. *Hide & Leather Na-
tional Bank*, 100 Mass. 540.   There would seem to be little doubt
of the jurisdiction of the court in equity.   It was held to exist
in the cases above cited.

The decree must be for the plaintiff, directing the removal of
the structure complained of, with a perpetual injunction against
its future erection, and with costs.          *Ordered accordingly.*