BOSTON ROLLING MILLS *vs.* CITY OF CAMBRIDGE.
EDGAR L. KINSLEY *vs.* SAME.

Middlesex. Jan. 19. — March 20, 1875. AMES & ENDICOTT, JJ., absent.

When the owners of adjoining lands have dug a canal through their lands to the sea, and each of them has, by agreement between them, a right of way through the canal for vessels, a city, which is authorized to lay out common sewers and has constructed a sewer emptying into the canal, without taking therefor the land of said owners, has no right to discharge the sewage into the canal in such a manner as to impede navigation or to create a nuisance, and the owner of any one of said parcels of land, who has been injured by the illegal act of the city, may have relief in equity.

A city built a sewer in 1851, emptying into a private canal. The discharge from the sewer increased continuously with the growth of that part of the city drained by it, but the deposits caused by the sewer in the canal did not impair to any great extent the navigation of the canal or create a nuisance until about five years prior to 1874, in which year a bill in equity to abate the nuisance was filed against the city by an owner of land bordering on the canal who had a right to navigate the same with vessels. *Held*, that the defendant had no right by prescription to continue the nuisance. *Held, also*, that in the absence of evidence that the defendant had been prejudiced by the delay in bringing the suit, the plaintiff was not guilty of laches.

Where the owner of a canal is injured by the unlawful discharge by a city of its sewage into the canal, and applies for an injunction to restrain such discharge, regard will be had, in determining the nature of the relief to be granted, to the injury which the public will sustain by a strict enforcement of the owner's rights, and the court will be influenced, in settling the terms of the final decree, by all proper suggestions in this regard.

Two BILLS IN EQUITY, filed in January, 1874, praying that the defendant might be restrained by injunction from permitting any sewage, or water polluted with sewage, from passing into Broad Canal through certain sewers established and maintained by the defendant ; that the defendant might be ordered to forthwith remove all deposits and accumulations caused by the emptying of said sewers into said canal, and to abate the nuisance caused thereby, and for further relief.    The answer in each case admitted that the sewers emptied into said canal, and averred that they rightfully and legally emptied therein ; that the defendant was not liable for the continuance of the sewers or for their original construction ; and that the plaintiffs had a complete and adequate remedy at law.

Hearing before *Ames*, J., who reserved the cases for the consideration of the full court upon the bills and answers and an agreed statement of facts in substance as follows :

By a deed of indenture, dated July 8, 1806, the owners of adjoining parcels of land in Cambridge devoted certain portions of the land not covered by tide waters to canals, then or thereafter to be dug, for the use of the proprietors and future owners of lands abutting thereon.    Among these canals was one called Broad Canal, which they located four thousand feet long, eighty feet wide and nine feet deep from Portland Street to low-water mark on Charles River, a navigable arm of the sea.    They granted to each of themselves, as owners of land abutting on the several canals, and to all persons holding under them, the right of free and unimpeded navigation over and through the canals, or any of the same, or parts thereof, with vessels, boats, rafts and other things.  Broad Canal among others was dug out, as located, before 1810, and has ever since been used for the purpose described in the indenture.    The Boston Rolling Mills, under conveyances by parties to the indenture, is the owner and occupant of land abutting on two of these canals, namely, Broad and North Canals, and there prosecutes the business of iron rolling, and also is owner in fee of nine sixteenths of that part of the bed and soil of Broad Canal, whereon the outlet to the Hampshire Street sewer now lies and empties its contents, and also of a portion of the bed and soil of North Canal.    The plaintiff, Kinsley, is, under conveyances by parties to the said indenture, the owner and

occupant of land abutting on Broad Canal, and there maintains a foundry.

The navigation of Broad Canal has been impeded by the accumulations of deposits, chiefly of foreign matter therein. By reason thereof the canal has become less than nine feet deep, and by reason of the deposits and the exhalations therefrom the atmosphere in and about the premises of the respective plaintiffs is rendered unhealthy, so as to cause them, their servants and agents, direct, peculiar and material annoyance and inconvenience. These deposits are largely caused by the discharge from three public sewers, built and maintained, under the orders hereinafter stated, at the expense of the city of Cambridge, called the Hampshire Street, the Sixth Street and the Ninth Street sewers.

The Hampshire Street sewer was constructed in 1851, by vote of the city council of Cambridge, under claim of authority conferred by its charter, and at the expense of the city, which has ever since maintained the same. It receives the sewage of a large section of the city. Its outlet enters and discharges into Broad Canal, at the head thereof, upon soil whereof the Boston Rolling Mills owns nine sixteenths.

The Ninth Street sewer was constructed in the autumn of 1872, under orders of the city council, passed in that year, as follows : " Resolved, that the public convenience and necessity require that a strip of land, twenty feet in width, on Ninth Street, from Cambridge Street to Potter Street, and thence in a direct line to Broad Canal, the same being private property, be taken for public use, to wit : for the purpose of laying, making and maintaining common sewers therein. Therefore, Ordered, that the above mentioned strip of land be taken for public use, to wit, for the purpose above mentioned ; that no damages be awarded to the owners of the land so taken as aforesaid ; " that a sewer be constructed in accordance with plans and profiles prepared by the city engineer, as follows : " In Cambridge Street, from near Boston & Albany Railroad to Ninth Street, thence through Ninth Street to Potter Street, and in a direct line to Broad Canal. The expense thereof to be charged to the appropriation for sewers and drains, and assessed according to law." This sewer has ever since been maintained at the expense of the city. Its outlet enters

and discharges into Broad Canal, on the northerly boundary thereof. It also drains a section of the city.

The Sixth Street sewer was constructed in the spring of 1873, under an order of the city council, passed in 1872, by which it was directed to be built from Broad Canal, through certain streets in Cambridge. This sewer has ever since been maintained at the expense of the city. Its outlet enters and discharges into Broad Canal, at the southerly boundary thereof, within the lines of Sixth Street. It also drains a large section of the city.

The quantity of discharge from the Hampshire Street sewer has increased continuously with the growth of that part of Cambridge drained by it; but not until within about five years have the deposits in Broad Canal, from whatever source, impaired, to any great extent, the navigation thereof, nor, to any great extent, caused the inconvenience or annoyances complained of. The Sixth and Ninth Street sewers have, to some extent, caused an increase of the deposits and bad odors. Many of the abutters on Broad Canal, holding under the parties to the indenture, have their private drains and privies discharging into the canal. The plaintiffs each have a privy upon their premises, used by their workmen, the contents of which empty into Broad Canal, near the outlet to the Hampshire Street sewer. The amount of the discharges from the above private drains and privies is comparatively insignificant.

Sixth Street was laid out in the autumn of 1872, between the plaintiffs' land and Charles River, crossing Broad Canal, by a draw-bridge built upon piles and with a draw for the passage of vessels therein.

The Grand Junction Railroad & Depot Company's tracks, now the property of the Boston & Albany Railroad Company, cross Broad Canal, between the plaintiffs' land and Ninth Street, by a bridge built upon piles and having a draw for the passage of vessels therein. The charter and ordinances of the city of Cambridge, and all statutes of the Commonwealth, may be referred to.

*H. W. Muzzey & W. Emery,* for the plaintiffs.

*J. W. Hammond,* for the defendant.

Colt, J. The plaintiffs in these suits have the right of free and unimpeded navigation in Broad Canal, acquired by private grant to them as owners of lots bounding thereon, and are also

cwners of undivided interests in common in the soil or bed of the same. See *Page* v. *Young*, 106 Mass. 313. The case finds that the right of navigation is obstructed by deposits from sewers constructed by and subject to the control of the city, which terminate at the canal and discharge their contents directly into it. It is also agreed that exhalations from these deposits cause direct, peculiar and material injury to the plaintiffs. One of these sewers was constructed by the city more than twenty years prior to the filing of the bill, and the others at a more recent date; but the obstruction and annoyance complained of did not exist to any great extent until within five years. The bill in each case charges that these acts of the city have been done to the private injury and nuisance of the plaintiffs, and without authority of law, and prays that the city may be restrained from permitting this sewage to pass on to the premises of the plaintiffs or into Broad Canal, and may be ordered to abate the nuisance and remove the accumulations complained of, and for general relief.

A case is thus presented where the city, in the exercise of granted powers, has neglected to take proper precautions to protect others in the enjoyment of their private rights from injurious consequences. The plaintiffs' land and incorporeal rights in the whole of Broad Canal were not appropriated by the location of these sewers, even if, by the true construction of the orders of location, one of them is held to extend to the centre line of the canal. Their rights were not necessarily invaded by the original construction to the extent now complained of. As to the Hampshire Street sewer, which has been built more than twenty years, the injury complained of could not have been anticipated by the plaintiffs as the necessary result. It has become a nuisance by the enlargement of the system of drainage and the increase of population, and has been substantially developed as such only within the last five years. And the sewers more recently built cannot lawfully discharge their contents upon private property not appropriated by their location.

The right of the plaintiffs to the relief asked is upon these facts fully established by recent decisions. *Haskell* v. *New Bedford*, 108 Mass. 208, 216. *Brayton* v. *Fall River*, 113 Mass. *Washburn & Moen Manuf. Co.* v. *Worcester*, 116 Mass. 458. *Emery* v. *Lowell*, 104 Mass. 13.

There is nothing in the case to show that this right has been lost by laches on the part of the plaintiffs. The defendant has not been in any degree prejudiced by the plaintiffs' forbearance; nor has the delay to prosecute made it any more difficult for the city to adopt suitable measures to remove or prevent the nuisance.

In determining the nature of the relief to be granted in these suits, regard will be had to existing conditions and the injury which must ensue if the plaintiffs' rights are strictly enforced without time to make other provision for the public needs. All proper suggestions in this regard will receive attention in settling the terms of the final decree. *Attorney General* v. *Bradford Canal*, L. R. 2 Eq. 71. *Decrees for the plaintiffs*