*E. W. Hutchins*, for the defendants.

---

JOSIAH E. DRAPER *vs.* J. CHARLES HOLLINGS & others.

Suffolk.   December 4, 1894. — February 28, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Equity — Creditor's Bill — Interest in Partnership — Statute — " Debt " — Performance of Contract.*

Upon a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply the defendant's interest in a copartnership in payment of a debt due the plaintiff from him, the court has the power to establish the plaintiff's debt, although he is not a judgment creditor.

A bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply the defendant's interest in a copartnership in payment of a debt due the plaintiff from him, set forth an agreement in writing made on a certain day, whereby the plaintiff sold and the defendant bought an undivided

one-half interest in another partnership then existing between the plaintiff and A., for a sum named, in six months from the date of the agreement, provided the plaintiff could buy from A. his interest; and alleged the immediate purchase by the plaintiff of A.'s interest, and a notification to the defendant thereof. *Held*, that the bill showed that there was a "debt" due from the defendant to the plaintiff, within the statute.

A bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply the defendant's interest in a copartnership in payment of a debt due the plaintiff from him, set forth an agreement in writing made on a certain day, whereby the plaintiff sold and the defendant bought an undivided one-half interest in another partnership then existing between the plaintiff and A., for a sum named, in six months from the date of the agreement, provided the plaintiff could buy from A. his interest; that the plaintiff and defendant, on the same day the agreement was made, entered into written articles of copartnership, to continue until dissolved by the mutual agreement of the parties, which.partnership was conditional upon the purchase by the plaintiff of A.'s interest in the partnership between him and A.; the immediate purchase of this interest and notification thereof to the defendant; and a delivery to the defendant of a bill of sale of a one-half interest in the tools and machinery formerly owned by the copartnership of the plaintiff and A., which tools and machinery constituted the whole of the property and assets of this copartnership; and that the defendant had ever since acted as a copartner with the plaintiff, and had never demanded any further or other assignment or conveyance of the same to him. *Held*, that the bill showed performance by the plaintiff of his part of the contract with the defendant.

LATHROP, J. This is a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply the interest of the first named defendant in a copartnership, composed of himself and the other defendants, in payment of a debt due the plaintiff from the first named defendant. The case comes before us on an appeal taken by the first named defendant from a decree rendered in the Superior Court in favor of the plaintiff.

1. The plaintiff at the time of filing his bill was not a judgment creditor, and the defendant contends that in such a case the jurisdiction of the court is limited to hearing evidence as to the fact of indebtedness, and, if it be found to exist, to issuing an injunction restraining the withdrawal of the interest of the copartner until the plaintiff obtains a judgment on the law side of the court. There is nothing, however, in the language of the St. of 1884 to indicate that, when the court sitting in equity has once acquired jurisdiction of the subject matter of the suit, it is not to go on and hear the case on its merits, and render a final decree. While the business of the partnership is not to

" be interfered with by injunction or otherwise farther than to restrain the withdrawal of any portion of the debtor's share or interest therein, unless and until the plaintiff's debt is established," this does not say or mean " established at law," but established by the equity court.  This plainly appears from what follows: " If either copartner shall give to the plaintiff a sufficient bond with sureties approved by the clerk, conditioned to pay to the plaintiff the amount of his debt and costs within thirty days after the same is established, the court shall proceed no further therein save to establish the debt."  Here the court sitting in equity is to establish the debt, and there is no reason for supposing that the words " unless and until the plaintiff's debt is established," refer to its establishment in any other court.

2. The next contention is that the bill in equity does not show that there was a debt due from the defendant to the plaintiff.  The bill sets forth an agreement in writing, made on October 22, 1892, whereby the plaintiff sold and the defendant bought an undivided one-half interest in a partnership then existing between the plaintiff and one F. E. Draper, for the sum of $2,000, in six months from October 22, 1892, provided the plaintiff could buy from F. E. Draper his interest.  It also alleges the immediate purchase by the plaintiff of the interest of Draper, and a notification to the defendant thereof.  The bill does not show a mere right of action for a breach of contract; but shows an agreement on the part of the defendant to pay a certain sum on the performance by the plaintiff of a certain act.  On the performance by the plaintiff of his part of the contract a sum agreed upon is to be paid.  This is undoubtedly a debt, within the statute.

3. The remaining contention is that the bill does not show performance by the plaintiff of his part of the contract of October 22, 1892.  The bill, in addition to what has already been stated, sets forth that the plaintiff and the defendant, on the same day the agreement was made, entered into written articles of copartnership, to continue until dissolved by the mutual agreement of the parties, which partnership was conditional upon the purchase by the plaintiff of the interest of F. E. Draper in the copartnership of J. E. Draper and Company ; the immediate purchase of this interest and notification thereof

to the defendant; and a delivery to the defendant of a bill of sale of a one-half interest in the tools and machinery formerly owned by the copartnership of J. E. Draper and Company, which tools and machinery constituted the whole of the property and assets of this copartnership. It further alleges that the defendant has ever since acted as a copartner with the plaintiff, and has never demanded any further or other assignment or conveyance of the same to him.

The defendant contends that the plaintiff acquired by purchase from F. E. Draper a right to share in the surplus, if any, of the firm's property, after settlement of the partnership accounts, and that the defendant did not acquire this by a bill of sale of a one-half interest in specific tools and machinery. But the answer to this is that the bill alleges that these tools and machinery constituted all of the assets of the firm; and there is nothing in the papers before us to show that this was not the case.

No objection is taken by the defendant to the form of the decree.                                                    *Decree affirmed.*

*R. D. Ware,* for the first named defendant.

*C. A. Snow,* (*E. W. Burdett* with him,) for the plaintiff.