'FIRST NATIONAL BANK OF HURON V. CRABTREE.

1. The granting of an injunction pending an action is a matter of judicial descretion.

2. When the rights of the defendant are protected to the extent of excluding all possibility of injury, he has no just cause to complain of an order granting a preliminary injunction.

(Opinion filed August 31, 1904.)

Appeal from circuit court, Beadle county; Hon. CHARLES S. WHITING, Judge.

Suit by the First National Bank of Huron against Clinton Crabtree, to have a chattel mortgage declared a first lien on the exemptions set apart to the defendant in proceedings in bankruptcy, and the lien foreclosed.

From an order granting a preliminary injunction, defendant appeals. Affirmed.

*Porter & King*, for appellant.

*Crawford & Taylor*, for respondent.

FULLER. J. A creditor's petition for the adjudication of the bankruptcy of the defendant being filed in the district court of the United States while plaintiff was attempting to foreclose a chattel mortgage on a stock of general merchandise owned by the debtor, the proceeding was abandoned, and a temporary receiver appointed by the court took possession of the mortgaged property and sold the same pursuant to a stipulation of all the creditors to the effect that the respective rights of each should be protected. Later the insolvency of the defendant was legally established, and the court having refused to recognize the lien of plaintiff's mortgage, so far as the same affected

the rights of other creditors, all claim of priority by reason thereof was expressly waived, and thereafter the defendant filed his schedule and claimed his statutory exemptions, which were allowed in the sum of $750, out of the proceeds of the property sold. Thereupon plaintiff petitioned to have its mortgage lien adjudged first and superior as to the $750 set apart to the defendant as exempt, but the referee in bankruptcy disallowed such petition, and this action was instituted.

The facts, so far as material, are chronologically stated in appellant's brief as follows: "May 7, 1903, the First National Bank of Huron filed its complaint in the circuit court of Beadle county, South Dakota, setting up the aforesaid mortgage, and praying judgment 'that under and by virtue of the chattel mortgage and stipulation this plaintiff be decreed to have a first lien upon the aforesaid sum of $750 set apart and allowed to the defendant Clinton Crabtree as exemptions,' and that its lien be foreclosed; and praying further that defendant show cause before the court why he, his attorneys, and assigns should not be restrained, pending the action, from paying out, disposing of, converting, or placing beyond the reach of plaintiff the said sum. On the same day a temporary restraining order and order to show cause, returnable May 14, 1903, was issued by the court. May 14, 1903, defendant appeared and made answer to said show cause order, wherein it set forth as a defense: First. That the court had no jurisdiction over the subject-matter. Second. That the complaint does not state facts sufficient to constitute a cause of action. Third. That the complaint does not set forth facts sufficient to warrant the issuance of temporary restraining order. Fourth. That the issues presented are res judicata. Fifth. That the plaintiff

expressly waived its security.    Sixth.    That the plaintiff waived its security by operation of law.    Seventh.    That, the mortgage having been given within four months of the bankruptcy proceeding for an antecedent debt, is void.    Eighth. That the exemptions have not been set apart to defendant. Ninth.    That defendant has, for a valuable consideration, conveyed an interest in said exemptions, and obligated himself to pay over the same when received from the trustee.    May 29, 1903, a restraining order was issued as prayed, by the circuit court of Beadle county, and this appeal is from that order." By giving six days' notice, according to the terms of the foregoing order, appellant is expressly authorized to bring the action on for immediate trial upon the merits, and is amply protected, by a good and sufficient undertaking, against any possible damages growing out of such interlocutory order.    Had appellant joined issue by answering respondent's complaint, the party defeated at the trial might have had the entire case reviewed in this court upon its merits as early as the present appeal can be disposed of.    On account of appellant's insolvency and inclination to pay no part of the debt mentioned in the complaint, it is very clear that a judgment in favor of respondent would be of no avail without the temporary restraining order.    The granting or refusal of an injunction pending an action is a matter of judicial discretion to be exercised in favor of the party most likely to be injured, and when, as in this case, the rights of a litigant are protected to the extent of excluding all possibility of injury, he has no just cause to complain.    Huron Waterworks Co. v. City of Huron, 3 S. D. 610, 54 N. W. 652.    In reversing an order refusing to grant a preliminary injunction, Judge Sanborn, speaking for the Circuit

Court of Appeals as to the proper practice in such cases, uses the following language: "This is not the time for the decision of the issues of law suggested by the record, and we forbear to discuss them. There is no answer to the bill, no testimony on the issues to be finally heard before us, and there has been no final hearing in the court below. We defer the expression of our opinion on the merits of the case until we are advised what issues it presents, and until the court below has rendered its decree upon the final hearing. Meanwhile the appellees should be enjoined from making or receiving a tax deed until the case is finally decided." Allison v. Corson, 88 Fed. 581, 32 C. C. A. 12. So the facts disclosed by the record in this case suggest difficult questions of law to be ultimately determined, and concerning which we are disposed to express no opinion before a trial of the case upon its merits.

No further discussion being necessary, the order appealed from is affirmed.