### NELSON M. GAY *vs.* GEORGE W. RAY & others.

Suffolk.    December 7, 1904. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets.

In a suit in equity, by the payee of a promissory note made by the defendant, to reach and apply in payment of the plaintiff's claim the alleged interest of the defendant in a certain partnership, the decision of a single justice upon the questions of fact whether the alleged partnership exists and whether the defendant owes the plaintiff the amount of the note and interest thereon, will not be disturbed unless plainly erroneous or shown to have been arrived at by a misapplication of rules of law.

MORTON, J. This is a creditors' bill brought under R. L. c. 159, § 3, cl. 7. The plaintiff alleges that the defendant Ray made a promissory note for $5,000 with interest at six per cent payable in one year after date to the plaintiff or order ; that the plaintiff demanded payment of the note when due, but the defendant has failed and neglected to pay the same and owes the plaintiff the amount of the note and interest. The bill seeks to reach and apply in payment of the plaintiff's claim the defendant Ray's interest in a partnership alleged to exist between him and one Creelman under the name and style of the George W. McPherson Store Company.

The case was heard by a single justice who entered a decree for the plaintiff, from which the defendants appealed. The

evidence was taken by a commissioner, and what is agreed by the parties to be the substance of it, so far as material to the issue raised, is before us with copies of the exhibits.

There are two questions, — both questions of fact. Was there a partnership between the defendants Ray and Creelman, and does the defendant Ray owe the plaintiff the amount of the note and interest thereon? The finding of the single justice must be taken to have been against the defendants on both questions, and it will not be disturbed unless plainly erroneous or shown to be due to a misapplication of the rules of law. There is nothing to show any error of law and the findings were well warranted by the evidence.

There was evidence tending to show that the defendants bought from the estate of one George W. McPherson a store on the corner of Hanover and Elm Streets in Boston which he had carried on, each paying therefor $2,500 on account; that they changed the name by putting the word " The " before " George W. McPherson " and the word " store " after so as to read " The George W. McPherson store," hired a manager, carried on the business, paid the expenses and took the profits, and that one of them represented to the people of whom they bought goods and to the commercial agencies that they were partners. This, with the other evidence, amply warranted a finding that they were partners.

There was a conflict of evidence as to the transaction in consequence of which the note in suit was given. It is enough to say that the plaintiff's testimony and the written agreement between the plaintiff and the Coe-Ray-Creelman Company fully justified a finding that the defendant Ray owed the plaintiff the amount of the note with interest.

No objection is taken by the defendants to the form of the decree as to which see *Draper* v. *Hollings*, 163 Mass. 127.

*Decree affirmed.*

*W. L. Van Kleeck*, (*F. D. Allen* with him,) for the defendants.
*M. M. Johnson*, for the plaintiff.