STONE LEATHER COMPANY *vs.* HENRY BOSTON AND SONS, LIMITED, & others.

Suffolk. November 17, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Equity Jurisdiction,* To reach and apply corporate shares and property not attachable at law, Adequate remedy at law. *Warehouseman. Attachment.*

A bill in equity under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, to reach and apply, to the payment of a debt owed to the plaintiff by the principal defendant, shares of stock in a defendant corporation, alleged to be the property of the principal defendant, cannot be maintained even though the debt is established, if it appears that the principal defendant did not own shares of stock in the defendant corporation.

A bill in equity under St. 1907, c. 582, §§ 26, 27, to reach and apply, in payment of a debt owed by the principal defendant to the plaintiff, merchandise of the principal defendant alleged to be "in the hands, possession or control" of a second defendant, cannot be maintained where it appears that the merchandise was owned by the principal defendant and was stored in warehouses in the name of the second defendant and where it did not appear that negotiable receipts were issued therefor.

A bill in equity under St. 1907, c. 582, §§ 26, 27, by a creditor to reach and apply in payment of the debt owed him merchandise of the debtor placed in a warehouse in the name of a second defendant cannot be maintained if non-negotiable warehouse receipts were issued for such merchandise, goods held under such receipts being attachable at law under St. 1907, c. 582, § 43.

BILL IN EQUITY, filed in the Superior Court on July 2, 1917, and afterwards amended, to reach and apply, under the provisions of

R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, and of St. 1907, c. 582, §§ 26, 27, to the payment of a debt owed to the plaintiff by Henry Boston and Sons, Limited, the principal defendant, capital stock of Boston Hide and Leather Company alleged to be owned by the principal defendant, and certain merchandise of the principal defendant alleged to be "in the hands, possession or control" of the Boston Hide and Leather Company.

In the Superior Court the suit was heard by *J. F. Brown*, J., the evidence being taken by a commissioner appointed under Equity Rule 35. Material evidence and findings of the judge are described in the opinion. The judge ruled that the plaintiff was not entitled to maintain the suit and reserved and reported it to this court under R. L. c. 159, § 29, for determination, a decree to be entered dismissing the bill, if the rulings of the trial judge were correct, and, if they were incorrect, such a decree to be entered in behalf of the plaintiff as justice may require.

*A. A. Sondheim*, (*J. J. Gaffney* with him,) for the plaintiff.

*G. R. Nutter*, for the defendant Boston Hide and Leather Company.

PIERCE, J. This is a suit in equity under the provisions of R. L. c. 159, § 3, cl. 7, as affected by St. 1910, c. 171, §§ 13, 14, and as amended by St. 1910, c. 531, § 2, to reach and apply certain shares of corporate stock to the payment of the non-judgment debt alleged in the plaintiff's bill to be due to it from the principal defendant. The bill also seeks under St. 1907, c. 582, §§ 26, 27, 43, to reach and apply certain merchandise "in the hands, possession or control" of the Boston Hide and Leather Company to the payment of the same debt.

The principal defendant filed a motion to dismiss, alleging that no service had been made upon it; and also filed a demurrer objecting to the jurisdiction of the court. After a hearing, the motion was denied and the demurrer was overruled. From this order and decree the defendant appealed, and subsequently waived both appeals. The bill was taken *pro confesso* against the principal defendant upon its failure to answer over as required by Equity Rule 11 of the Superior Court. The general appearance of the principal defendant, resulting from the waiver of its appeals and the decree *pro confesso*, upon its failure to answer, concluded it as to all objections as to service or want of service, as also from the

claim that the court was without jurisdiction because the plaintiff had an equally plain and adequate remedy at law. *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540. *Page* v. *Young,* 106 Mass. 313. *Jones* v. *Keen,* 115 Mass. 170. *Crocker* v. *Dillon,* 133 Mass. 91, 102. The decree *pro confesso* also operates as an admission of the truth of all material and well pleaded allegations which establish the right, if any, of the plaintiff against the defendants.

The plaintiff discontinued as to all defendants except the principal defendant and the Boston Hide and Leather Company. The last named defendant duly filed an answer to the several allegations of the bill, and the case came to a hearing before a justice of the Superior Court and a commissioner was appointed to report the testimony. The presiding judge upon the reported evidence warrantably found that the principal defendant owed the plaintiff the amount with interest set forth in paragraph one of the bill of complaint. Upon sufficient evidence he also found that the principal defendant "at the time of the filing of the bill, did not own or have any financial interest whatsoever in the shares of the capital stock of the Boston Hide and Leather Company;" and upon adequate evidence he further found that "at the time of the hearing on the merits, the defendant Henry Boston and Sons, Ltd., had in storage in certain warehouses merchandise exceeding the plaintiff's claim; this merchandise was stored in the name of the Boston Hide and Leather Company as agent for Henry Boston and Sons, Ltd., and the entire interest in said merchandise belonged to Henry Boston and Sons, Ltd." These findings cannot be disturbed; they were abundantly supported by the testimony of witnesses and they are not shown to be due to a misapprehension of the law. *Gay* v. *Ray,* 189 Mass. 112.

The presiding judge then ruled upon the evidence "that the plaintiff is not entitled to reach and apply the same in payment of its debt," and reserved and reported the case to the full court under R. L. c. 159, § 29. The ruling was plainly right as regards both species of property. Under St. 1907, c. 582, § 27, "A creditor whose debtor is the owner of a negotiable receipt shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such receipt or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which cannot readily be attached or levied upon by

ordinary legal process." There is no testimony that the Boston Hide and Leather Company, as agents for Henry Boston and Sons, Ltd., were given by the warehousemen in whose warehouses the goods were stored receipts in any form. The burden of proof was upon the plaintiff under St. 1907, c. 582, § 27, to allege and prove, as a condition to its right to come into equity under R. L. c. 159, § 3, cl. 7, the jurisdictional fact that the debtor is the owner of negotiable receipts, as goods held under non-negotiable receipts are subject to attachment and execution under St. 1907, c. 582, § 43, cl. 3. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285, 286. So far as the testimony justified the drawing of inferences, we are compelled to assume that the presiding judge found that the receipts were non-negotiable receipts, if any were in fact given.

In accordance with the terms of the report "a decree is to be entered dismissing the bill without prejudice to the plaintiff bringing an action at law."

*So ordered.*