HORSTAD et al., Appellants, v. CITY OF BRYANT, Respondent.

208 N. W. 980.)

(Files Nos. 5421, 5530.   Opinion filed May 28, 1926.)

**1.  Eminent Domain—Waters.**

Rev. Code 1919, § 6169, subd. 15, does not authorize city to discharge sewerage through and on private property or along stream of water without first acquiring right by purchase or condemnation.

**2.  Municipal Corporations.**

Revised Code 1919, § 8479, relates merely to drainage of agricultural lands and to surface waters, and has no application to sanitary sewerage.

**3.  Eminent Domain—Sewage.**

Owner of agricultural land, onto which city is emptying water from septic sewer tank, damaging land without compensation to owner, held entitled tn injunction, under Const. art. 6, § 13.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Eminent domain, Key-No. 32, 20 C. J. Sec. 148; **(2)** Municipal corporations, Key-No. 270, 28 Cyc. 950 (Anno.); **(3)** Eminent domain, Key-No. 274(4), 20 C. J. Sec. 533.

Injunction against city's drainage into water course, see note in 23 L. R. A. 301.

Right of municipal corporation to drain sewage into waters, see notes in 48 L. R. A. 691; 61 L. R. A. 694; 20 L. R. A. (N. S.) 1050; 47 L. R. A. (N. S.) 137.

---

Appeal from Circuit Court, Hamlin County; HON. W. N. SKINNER, Judge.

Action by Augusta A. Horstad and others against the City of Bryant. From a judgment for plaintiffs for only part of relief sought, and from an order denying a new trial, plaintiffs appeal; and from that portion of the judgment awarding damages and

costs to plaintiffs, the defendant appeals. Judgment and order reversed, and cause remanded, with directions.

*McFarland & Kremer,* of Watertown, for Appellants.

*G. F. Sherwood,* of Clark, *G. A. S. Arneson* of Bryant, and *Loucks, Hasche & Foley,* of Watertown, for Respondent.

GATES, P. J.  This action was brought to enjoin defendant city from emptying the water from its septic sewer tank on and across the land of plaintiffs, and for damages.  Plaintiffs are the owners of 320 acres of agricultural land outside the city limits and to the southeast of defendant city.  In 1920-1921 the city constructed a sanitary sewer system without manholes or openings for surface or storm water.  About a quarter of a mile west of plaintiffs' west line the city built its septic or treatment tank in a draw or ravine that runs in a southeasterly direction across plaintiffs' land to a lake or marsh adjacent to plaintiffs' southeast corner.  The city has not acquired by purchase or condemnation the right to use plaintiffs' land.  A portion of the city is not in the same natural watershed with said draw or ravine.  By pumping city water into the sewer system and by infiltration large amounts of water are gathered into such septic tank and ravine that do not belong in said watershed.  Trial to the court without a jury.  The court found and concluded that plaintiffs were not entitled to an junction, but awarded them damages in the sum of $320 for the year 1921 and in the sum of $1,144.50, that being the estimated cost of laying a tile drain across plaintiffs' land, and that the payment of said sums to plaintiffs would fully compensate them for all damages, past, present, and prospective, and that it would then be the duty of plaintiffs to lay said tile drain and to keep the same in repair.  From the judgment and an order denying new trial plaintiffs appeal (No. 5421).  From that portion of the judgment awarding damages and costs to plaintiffs the defendant appeals (No. 5530).

The defendant city propounds the following five interrogatories as covering the issues on both appeals:

"(1)  May a city dump its sewerage into a natural depression or water course, having a well-defined channel extending to a lake or body of water where such draw is dry a part of the year, and where the original lines of the draw have been inter-

fered with to a greater or less extent by the plowing and cultivation thereof?

"(2)   If such a city may dump its sewerage, after using proper care to sterilize it, is it liable if in so doing it increases the flow of water in the draw materially, and particularly where the increase of flow is largely due to an infiltration of surface waters into the sewer pipes, which infiltration is a natural result of the laying of said sewer pipes, and would follow as a natural result during the first year or two after the laying of such sewer pipes?

"(3)   Can a city be enjoined from using such completed sewer, even although it materially increases the flow of water and makes it practically continuous, and does prevent the use of a small portion of the plaintiffs' land, first, in any event, and secondly, where the proceedings to establish this sewer system were a matter of common knowledge and known to the plaintiffs, and no proceedings taken by them to enjoin the same until after a large amount of money had been spent and the system practically completed?

"(4)   May sewerage water, necessaril; flowing into such sewer, and water necessarily pumped into the sewer to carry such waste matter, be discharged on plaintiffs' land after passing through the treatment tank to the extent of from 14,000 to 138,000 gallons per day, where it appears that a part of such water would not be discharged upon said land if such sewerage system were not used?

"(5)   Can such a flow of sewerage and water be enjoined in any event where the sewerage system is properly built and is necessary to the convenience and health of a city of 650 people?"

[1]   It answers questions 1 and 4 in the affirmative and questions 2, 3, and 5 in the negative, first, because of the provisions of subdivision 15, § 6169, Rev. Code 1919, which authorizes municipal corporations—

"to construct or maintain or to authorize the construction and maintenance of sewer pipes through and upon private property, or in or along any stream of water, or to empty or discharge the sewerage of the municipality or any part thereof into any stream of water within or without the limits of the municipality; and for the purpose of the construction and maintenance of such sewer the

municipality may condemn private property, when necessary, in such manner as is provided by law; provided, that sewerage so emptied or conducted into any stream of water shall be so disposed of as not to create any foul or noxious odors in the air over or along such stream."

If defendant and the trial court drew from that subdivision the inference that the city might do those things without acquiring the right thereto by purchase or condemnation, they woefully misconceived the meaning of it. It does not so purport.

[2] The second reason for the city's position in this case is sought in certain sections of the drainage law, particularly section 8479, Rev. Code 1919, and in our decision in Thompson v. Andrews, 39 S. D 477, 165 N. W. 9. In that case the general subject was the drainage of agricultural lands, and we were dealing with surface waters only. That decision has no application to the right of a city to construct a sanitary sewer system. Said section 8479 likewise relates to the drainage of agricultural lands and to surface waters. and has no application to sanitary sewerage.

At the trial plaintiffs made an offer which in effect differed from the award made by the court only in this, viz., that instead of paying plaintiffs for the tile drain across their land and providing for its construction and maintenance by plaintiffs, the plaintiffs requested the city to lay and maintain it and to protect plaintiffs from any claim for damages by lower owners. Plaintiffs now renew that offer provided the damages for 1921 and subsequent years are paid. The offer seems to us to be a fair and reasonable offer and to be a fair and reasonable solution of the litigation.

[3] By reason of the fact that the city had taken and damaged plaintiffs' land for public use without compensation (Const. art. 6, § 13), they were clearly entitled to the injunction sought.

The judgment and order appealed from are reversed, and the cause is remanded, with directions to enter judgment enjoining defendant city from discharging the contents of its sewer system upon the lands of plaintiffs, unless within a reasonable time, to be fixed by the trial court, the city shall acquire the right thereto by consent or condemnation. Such judgment should also award the damages for the year 1921 as heretofore found, and further evidence should be taken for the purpose of ascertaining and

awarding to plaintiffs their damages for subsequent years up to the time of the entry of judgment. Plaintiffs will recover costs in this court as well as in the trial court.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J., disqualified.