PARSONS, Respondent, v. CITY OF SIOUX FALLS, Appellant.

(272 N. W. 288)

(File No. 7954. Opinion filed April 8, 1937)

*Hugh S. Gamble* and *Danforth & Davenport,* all of Sioux Falls, for Appellant.

*Louis H. Smith,* of Sioux Falls, for Respondent.

ROBERTS, J. Plaintiff owns and resides on a farm of 233 acres situate about seven miles east of Sioux Falls. This action was instituted in the circuit court of Minnehaha county to restrain the city from discharging sewage into the Big Sioux river which runs through plaintiff's farm and to recover damages caused by the pollution of the river. The court did not grant an injunction, but awarded damages to the plaintiff. The defendant has appealed from the judgment and an order denying motion for new trial.

It appears from the evidence on behalf of the plaintiff that for many years the city discharged untreated sewage into the river. When the volume of sewage increased by reason of the growth of the city, undesirable conditions commenced to arise and aggrieved farm owners complained about these conditions and demanded action to bring about improvement. A disposal plant was constructed and placed in operation in 1927. The evidence concerning the quantity and character of the sewage discharged into the river was in conflict. From the testimony offered by the plaintiff it appeared that sewage left the disposal plant after partial treatment; that at times a heavy thick scum appeared on the surface of the stream; that there was an odor along the stream which was noticeable for a considerable distance; that at times the odor emitted made it necessary for residents along the river to close their windows; that paint on buildings near the river was discolored; that there had been instances when foods were tainted by the odor; that sludge was deposited in the river bed and the banks were covered with a filth deposit ranging in depth from a few inches to several feet; that there are no fish in the stream; that the water cannot be used to supply livestock; and that trees and grass along the river have died.

Witnesses for the defendant admitted that an obnoxious condition had arisen along the stream prior to the erection of the disposal plant, and no claim was made that such condition had been entirely eliminated. The defendant introduced much testimony concerning the construction of the disposal plant, and the processes to which the sewage of the city was subjected. The prolonged drouth conditions and the low water caused some difficulty, but it was contended that the slight pollution gave to the plaintiff no cause of action.

The court found that prior to the pollution of the Big Sioux river by the defendant city the water in this stream was clear, wholesome, and suitable for domestic and farm purposes; that fish were abundant therein; that there were trees, foliage, and grass along the banks of the river; and that this general condition of the stream was enjoyed by the plaintiff and his family and greatly enhanced the value of his farm. By the impairment of these rights the court concluded that the plaintiff was entitled to recover damages, but stated no conclusion in respect to the equitable relief sought by the plaintiff.

 The defendant city was empowered by the provisions of subdivision 15, section 6169, Rev. Code 1919, "to construct or maintain or to authorize the construction and maintenance of sewer pipes through and upon private property, or in or along any stream of water, or to empty or discharge the sewerage of the munici-pality or any part thereof into any stream of water within or without the limits of the municipality, and for the purpose of the construction and maintenance of such sewer the municipality may condemn private property, when necessary, in such manner as is provided by law; provided that sewage so emptied or conducted into any stream of water shall be so disposed of as not to create any foul or noxious odors in the air over or along such stream." This statute contains no implication of authority to discharge sewage into a river in such a manner as to injure the property of an individual. An offending municipality may be enjoined from discharging the contents of its sewerage system upon private property, unless within a reasonable time to be fixed by the court the municipality will acquire the right thereto by consent or condemnation, and judgment may be awarded for damages resulting from such

use. Horstad v. Bryant, 50 S. D. 199, 208 N. W. 980. See also, Gellert v. City of Madison, 50 S. D. 559, 210 N .W. 978, and authorities collated in a note in 77 L. Ed. 1213. Counsel for the city contend that the decisions of this court in the Horstad and Gellert Cases are not applicable to this litigation; that they cannot rule this case for the reason that it appears from the facts in those cases that the sewage of a municipality was discharged upon private property or into a small stream resulting in the physical invasion and the taking or damaging of private property. Where the question arises as to the liability of a city, acting in the exercise of power conferred by statute, for the discharge of sewage into a navigable stream, the question of its liability, it is urged by counsel is determined by different principles since title to such streams is in the state and the state may confer upon the city the right to use its property for such purpose; that a city in such instance is not liable for injury resulting if there is no negligence in the construction or maintenance of its sewerage plant; and that the injury in such instance is consequential and not so direct as to constitute a taking or damaging of property as to entitle an owner to relief. In support of this contention the defendant cites: Sayre Co. v. Newark, 60 N. J. Eq. 361, 45 A. 985, 48 L. R. A. 722, 83 Am. St. Rep. 629; Gray v. Paterson, 60 N. J. Eq. 385, 45 A. 995, 48 L. R. A. 717, 83 Am. St. Rep. 642. The question considered in these cases was the pollution of tidal waters. It is recognized that tidal waters are subject to different rules from ordinary stream. Although the authorities are not unanimous, it appears in some jurisdictions that statutory authority to discharge sewage into a tidal stream is a sufficient defense in an action for injunction or damages. 43 C. J. 1150; 9 R. C. L., "Drains and Sewers," § 78; Cityco Realty Co. v. Annapolis, 159 Md. 148, 150 A. 273; Seaman v. City of New York, 176 App. Div. 608, 161 N. Y. S. 1002; Annotation: 15 B. R. C. 1027.

The statutory law of this state provides that, except when the grant under which the property is held indicates a different intent, the owner of the upland when it borders on a navigable lake or stream takes to the edge of the lake or stream at low-water mark and that all navigable rivers shall remain and be deemed public highways. Sections 262, 359, Rev. Code 1919. Such title,

however, is not held by the state in a proprietary capacity, but rather in its sovereign capacity and in trust for the public. Flisrand v. Madsen, 35 S. D. 457, 152 N. W. 796. Conceding that the Big Sioux river is a navigable stream, the fact that the state holds title to the bed of the stream in trust for the public is not important. Riparian owners upon navigable streams have in addition to the rights common to the public certain rights to the use and enjoyment of the stream which are incident to the ownership of the bank of the stream. 45 C. J. 491; United States v. Chandler-Dunbar Water Co., 229 U. S. 53, 33 S. Ct. 667, 57 L. Ed. 1063.

Riparian rights are property; they are incident to the ownership of upland and materially enter into the actual value; and an impairment of these rights by the pollution of the water of a stream by the discharge of sewage is a taking or at least a damaging of the owner's property. In Platt Bros. & Co. v. Waterbury, 72 Conn. 531, 45 A. 154, 162, 48 L. R. A. 691, 77 Am. St. Rep. 335, in holding that the right of riparian owners to the unpolluted flow of water in streams is a property right for which compensation must be made, the court said: "The right to pour into the river surface drainage does not include the right to mix with that drainage noxious substances in such quantities that the river cannot dilute them, nor safely carry them off without injury to the property of others. The latter act is in effect an appropriation of the bed of the river as an open sewer, and the proposition that it may become lawful by reason of necessity is inconsistent with undoubted axioms of jurisprudence. The appropriation of. the river to carry such substances to the property of another is an invasion of his right of property. When done for a private purpose, it is an unjustifiable wrong. When done for a public purpose, it may become justifiable, but only upon payment of compensation for the property thus taken. Public necessity may justify the taking, but cannot justify the taking without compensation.". The Legislature under the provisions of the statute (subdivision 15, § 6169, Rev. Code 1919) expressly authorizes a municipality to condemn private property, when necessary, in the construction and maintenance of a sewerage system, and the right to discharge sewage into a stream is granted on condition that the disposal shall not "create any foul or obnoxious odors in the air or along the

stream." This is a recognition that legislative sanction cannot justify the taking or damaging of private property without compensation. Horstad v. City of Bryant, supra; see, also, St. Germain Irrigating Ditch Co. v. Hawthorne Ditch Co., 32 S. D. 260, 143 N. W. 124.

It is further claimed that the court having denied an injunction had no power to retain the cause for the purpose of awarding damages. The distinction between actions at law and suits in equity is abolished, and all relief is administered through one proceeding termed a civil action. Section 2260, Rev. Code 1919. But this statutory abolition of distinction applies only to the form of the action and not to the essential and inherent differences between legal and equitable relief. Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343, 347; State v. Nieuwenhuis, 49 S. D. 181, 207 N. W. 77. We have been referred to the general rule that a court of equity declines jurisdiction to grant damages though the complaint states a case entitling the plaintiff to equitable relief if the proof fails to establish the allegations of the complaint in this respect; that the mere award of damages is cognizable in a court of law. Pomeroy's Equity Jurisprudence (4th Ed.) § 237. But it is indisputable that plaintiff by reason of the continuing nature of the injury created by the pollution of the river by the city, as shown by the evidence and the facts found, has no adequate remedy at law and the record would have supported a decree granting equitable relief. An injunction, however, is not a remedy which issues as of course, but its granting or refusal rests in the sound discretion of the court under the facts of each particular case. 29 C. J. 291; First National Bank of Huron v. Crabtree, 18 S. D. 355, 100 N. W. 744. The defendant has made a large investment in its sewerage plant, and additions having been designed were in process of erection at the time of the trial. The fact that a public interest was involved, that the health of a large number of people would be imperiled by restraining the continuous use of the sewerage system and such injury would greatly exceed the private or personal loss and inconvenience resulting therefrom, and that a fair opportunity should be given to the city to complete its additions, undoubtedly controlled the court in framing its conclusions and judgment. See Harrisonville v. W. S. Dickey Clay Mfg.

Co., 289 U. S. 334, 53 S. Ct. 602, 77 L. Ed. 1208; City of Valparaiso v. Hagen, 153 Ind. 337, 54 N. E. 1062, 48 L. R. A. 707, 74 Am. St. Rep. 305; Stovern v. Calmar, 204 Iowa, 983, 216 N. W. 112; Boston Rolling Mills v. Cambridge, 117 Mass. 396; Reese v. Johnstown, 45 Misc. 432, 92 N. Y. S. 728. Defendant cannot complain that the judgment gave no injunctive relief upon the facts found by the trial court.

 It is contended that the award of damages in the amount of $5,000 is excessive, and that the injury to plaintiff's property was not a permanent one, for which damages for the difference in the market value before and after the injury could be obtained, but was a temporary one and the depreciation in the market value was not the correct measure of recovery. The evidence sustains the finding of the court to the effect that the property cannot be restored to its original condition, and damages recoverable for such injury was the decrease in the market value. 9 R. C. L., "Drains and Sewers," § 83; see Annotation in 38 A. L. R. 1388. Without attempting an exhaustive discussion of the subject, it is sufficient for the purpose of this case to say that when a nuisance may be abated or removed, its continuance will not be presumed and recovery be permitted for all the injury the premises would ever sustain. Kelley v. Chicago, M. & St. P. Ry. Co., 53 S. D. 405, 220 N. W. 921. The trial court did not assume authority to permit recovery for prospective damages, or damages in lieu of mandatory injunction on the ground that the nuisance is to be deemed a permanent one. The evidence shows conclusively that the plaintiff's use and enjoyment of the river was substantially curtailed, that he and his family suffered discomfort and annoyance as a result of the vile and obnoxious odors released, and that plaintiff by reason of the wrongful acts of the defendant has sustained substantial damages. From their very nature such damages are not susceptible of exact measurement, nevertheless it was for the court to determine their extent. Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 S. Ct. 719, 27 L. Ed. 739; Oklahoma City v. Eylar, 177 Okl. 616, 61 P. (2d) 649. We have carefully considered the evidence, and we cannot say that the award of damages is excessive.

 The defense that the city acquired the right to dis-

charge sewage into the river by prescription was not pleaded in the answer and is not embraced within the assignments of error. The question is not before this court.

The judgment and order appealed from are affirmed.

All the Judges concur.