STATE *ex rel.* SCHILLING V. MENZIE *et al.*, County Com'rs.

1. A taxpayer or elector is a proper party to apply for mandamus to compel performance by county commissioners of a public duty.

2. An alternative writ of mandamus to county commissioners sufficiently states the particular duty they are required to perform, it containing a copy of a petition asking for five county commissioners, alleged to have been signed by one-third of the legal voters of the county, and presented to each of defendants; the allegation that defendants, county commissioners, have failed and refused to call the county judge and county auditor together to act with said county commissioners as a commission to consider said petition in accordance with law and Comp. Laws 1887, § 577; and concluding with the mandate that they forthwith meet at the office of the county auditor, and call together with them the county judge and county auditor to form a commission for consideration of the petition and further complying with sections 576, 577.

3. Rev. Pol. Code, § 850, authorizing appeals from all decisions of county commissioners on matters properly before them, does not furnish a rem-

edy where the commissioners have refused to consider a petition to increase the number of commissioners.

4. Comp. Laws 1887, § 576, provides that when a third of the legal voters of a county petition the county commissioners that they desire five commissioners for the county, and that it be divided into five districts, it shall be the duty of the commissioners to call the county judge and county auditor together, and that the commissioners and the county judge and county auditor are a commission to carry out the provisions of the next section. Section 577 provides that on the meeting of the commission they shall elect a chairman and a secretary; their proceedings shall be reduced to writing, and signed by all the members, and filed with the county auditor; and they shall then consider the petition, and, if satisfied that a third of the legal voters of the county has petitioned them, then such commission shall proceed to divide the county into five districts. Held that, if the petition served on the county commissioners purported to be signed by a third of the legal voters of the county, it was their duty to call the county judge and the county auditor together, it being for the commission, and not for the commissioners, to determine whether it was signed by such third.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Charles Mix county; Hon. E. G. SMITH, Judge.

Mandamus on the relation of J. F. Schilling to William H. Menzie and others, county commissioners. From an adverse judgment, defendants appeal. Affirmed.

G. P. Harben and Adam Grimes, for appellants.

J. W. Lindsay and D. L. P. Lamb, for respondent.

HANEY, P. J. This special proceeding, instituted by a resident freeholder, taxpayer, and voter of Charles Mix county to compel the defendants, county commissioners of that county, to call together the county judge and county auditor for the purpose of considering a petition asking for five county com-

missioners, resulted in a decision favorable to the relator, and the defendants appealed.

It is contended that the court erred in overruling defendants' motion to dismiss on the grounds:     (1)     That the proceeding was commenced and prosecuted without the knowledge, advice, or consent of the state's attorney; and (2) that the relator has no special, specific, peculiar interest different from any other citizens of the county.     This contention is clearly untenable.     Where the relief sought, as in this case, is a public matter, or one of public right, any taxpayer or elector may apply for and obtain a writ of mandamus in a proper case to enforce performance of a public duty.     State v. Lien, 9 S. D. 297, 68 N. W. 748.

It is next contended that the court erred in overruling a demurrer to the alternative writ for the reason that it failed to state what particular duty the defendants were required to perform.     The demurrer may have been overruled or disregarded as unauthorized by the statute.     Rev. Code Civ. Pro. § 768.     Waiving, however, the question of practice, the writ was not defective in the respect charged.     It contained a copy of the petition, alleged to have been signed by one-third of the legal voters of the county, and presented to each of the defendants;     numerous facts in connection therewith;     the allegation "that the said Wm. H. Menzie, Frank S. Strohbehn, and Oscar L. Boyden, county commissioners of said Charles Mix county, have ever since the said 22nd day of March, 1901, the day the said petition was presented to them as above stated, failed and refused, and still fail and refuse, to call the county judge and county auditor together to act with the said county commissioners as a commission and board to consider said

petition in accordance with law and section 577, Compiled Laws
[1887] of South Dakota;'' and concluded with the following
mandate: ''Therefore we do command you that immediately
after the receipt of this writ that you forthwith meet at the
office of the county auditor of said county, at Wheeler, S. D.,
and call together with you the county judge and county auditor
of said county for the purpose of forming a board and com-
mission for the due consideration of said petition and further
complying with sections 576 and 577, Compiled Laws of the
State of South Dakota, and you do the acts mentioned herein,
or that you show cause,'' etc. Sections 811, 812, Rev. Pol.
Code (Comp. Laws 1887, §§ 576, 577), contain the follow-
ing provisions: ''Whenever one-third of the legal voters of
any organized county of this state shall petition the county
commissioners that they desire five county commissioners
for such county and that such county be divided into five
commissioner's districts, it is hereby made the duty of said
county commissioners to call the county judge and county aud-
itor together within twenty days. The said county commis-
sioners, county judge and county auditor are hereby constitut-
ed a commission and authorized to carry out the provisions of
the succeeding section. Upon the meeting of the commission
as in the preceding section provided for, they shall take and
subscribe an oath to perform their duty impartially and for the
best interest of such county, and elect one of their number
chairman and one secretary of the commission. Their pro-
ceedings shall be reduced to writing and signed by all the
members and filed with the county auditor. They shall then
consider the petition of such legal voters, and if satisfied that
at least one-third of the legal voters of such county as shown

by the last election returns, has petitioned them, then such commission shall proceed to divide such county into five districts, and so divide it that no two of the then acting commissioners shall reside in one district." The statute contains further provisions relating to the numbering of districts and appointment of additional commissioners, not involved in this case. After the alleged petition was presented to the defendants, it was their duty under this law to call the county judge and county auditor together for the purpose of constituting a commission to consider such petition. This is, in substance, what the writ alleges they failed and refused to do, and is, in substance, what they were commanded to do, or show cause why it should not be done. The contention that this proceeding cannot be maintained because the relator had a plain, speedy, and adequate remedy under the statute authorizing appeals "from all decisions of the board of county commissioners upon matters properly before them" (Rev. Pol. Code, § 850) is clearly untenable for the very obvious reason that no decision of the board of county commissioners was or could be involved; and if, by any possible construction, a decision of the commission, provided for by the statute, consisting of county commissions, judge, and auditor, could be regarded as a decision of the board of county commissioners, there was no decision from which an appeal could have been taken, because the members of such commission had failed and refused to even meet for the purpose of considering the petition. To compel a meeting of the commission and the making of a decision was the very purpose for which this proceeding was instituted.

An answer having been interposed, it was ordered that the

following questions of fact be submitted to a jury: "(1) Was the petition, a copy of which is set out in the writ of mandamus issued herein, presented to William H. Menzie, Oscar L. Boyden, and Frank S. Strohbehn during the month of March, A. D. 1901, and on or before the 22nd day thereof, for their consideration? (2) Did said petition at said time purport to contain the names of residents and legal voters of said county of Charles Mix to the number of one third of the votes cast at the last general election held on the 6th day of November, 1900, in Charles Mix county, South Dakota, to-wit: One-third in number of twenty-one hundred and forty-eight (2,148)?" Before the jury was impaneled the defendants moved the court to submit these further questions: "(1) Did the defendants, either on the 3rd, 4th, or 5th days of April, 1901, at the regular session of said board of county commissioners of Charles Mix county, South Dakota, in good faith demand of the auditor of said county, or other parties who were in charge of the said petition, the petition, so that they might take action thereon as provided by section 576 of the Compiled Statutes of the State of South Dakota? (2) If answer be 'Yes,' then did the said county auditor, or the parties having said petition in charge, refuse to allow the defendants said petition so that said action could not be taken?" The motion was denied on the ground that the questions were immaterial, to which ruling the defendants excepted. The jury answered each submitted interrogatory in the affirmative. The interrogatories requested by the defendants were clearly immaterial. The commission provided for by the statute must not be confounded with the board of county commissioners. The two are distinct and separate bodies, with distinct and separate duties. The peti-

tion which invokes the action of the commission must be pre-
sented to the county commissioners, not to the board or to the
auditor. The commission elects its own chairman and secre-
tary. Its proceedings must be signed by all of its members,
and be filed with the auditor. The latter has no duty to per-
form except to receive and retain the record of such proceed-
ings. Hence it was wholly immaterial what may or may not
have been done by the board at its regular April session, or
what demands may or may not have been made on the auditor
for an inspection of the petition. He was not the legal custo-
dian of that instrument at any time prior to its consideration
by the duly organized commission. On the other hand, the in-
terrogatories submitted by the court embraced all the material
issues presented by the pleadings. If the petition described
in the writ was presented to the defendants, and it purported
to be signed by one-third of the legal voters of the county, it
was the duty of the defendants to call together the judge and
auditor, organize the commission, and proceed to consider
such petition. Whether at least one third of the legal voters
of such county, as shown by the last election returns, had in
fact joined in the petition, was a question to be determined by
the commission after being organized, not by the defendants
or by the circuit court. This is clear from the language of the
statute. "They [the members of the commission] shall then
[after having qualified and selected a chairman and secretary]
consider the petition of such legal voters, and if satisfied that
at least one-third of the legal voters   *   *   *,   then such
commission shall proceed to divide such county into five dis-
tricts."

The judgment of the circuit court is affirmed.