## WEATHERER et al. v. HERRON et al.

Any taxpayer or elector may, in a proper case, sue to restrain a public officer from an illegal act.

Where it appears that public officers took some action in the matter of submitting a county bond issue to vote, taxpayers seeking to show irregularity therein must allege, either in form or substance, what such action was, so that the court may conclude from the face of the pleading as to the regularity thereof.

(Opinion filed, March 23, 1910.)

Appeal from Circuit Court, Potter County. Hon. LYMAN T. BOUCHER, Judge.

Action by Joseph Weatherer and others against J. S. Herron and others, as the County Commissioners of Potter County, and C. M. Breene, as County Auditor of Potter County. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

*Albert Gunderson*, for appellants.    *Gaffy & Stephens* and *D. J. O'Keefe*, for respondents.

McCOY, J. This was an action to restrain the county auditor and county commissioners of Potter county from issuing certain bonds voted for at the general election in 1908, for the purpose of constructing a courthouse. Defendants appeared and demurred to the complaint on the grounds that there is a defect of parties plaintiff, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiffs appeal, and assign as error the sustaining of such demurrer. The record does not show on what particular ground the demurrer was sustained. It appears from the allegations of the complaint that plaintiffs are citizens and taxpayers of Potter county. In State v. Lien, 9 S. D. 297, 68 N. W. 748, and in State v. Menzie, 17 S. D. 535, 97 N. W. 745, it is held that where the relief sought is a public matter, or one of public right, any taxpayer or elector of the county may apply for and obtain a writ of mandamus, in a proper case, to enforce the performance of a public duty, and we are of the opinion that for the same reason any taxpayer or elector might, in a proper case, maintain an injunction proceeding restraining a public officer from the performance of an illegal act.

The complaint is a voluminous document, and it would serve no useful or practical purpose to repeat it in full, but it is sufficient to say that the statements therein contained are so indefinite and contradictory in terms and consist so almost wholly of conclusions that the court was clearly right in sustaining the demurrer. In one part of this complaint appears the following: "And the

plaintiffs allege that said commissioners of said county have not at any time submitted to the voters of said county the proposition of issuing the bonds of said county, in the sum of fifty thousand dollars, or any other sum, or at all," but it does appear from said complaint, by clear inference, that said commissioners did pass a resolution concerning the submission of said bonds to a vote. The complaint in one part states a great many things which the commissioners did not do, and then in another part says that the commissioners and auditor pretended to do these very things which the complaint says they did not do. The complaint says the auditor pretended to submit the question to the voters, and the commissioners did canvass pretended election returns, but what the county commissioners in fact did, or what was in fact done by the county auditor, is in no manner set out by the allegations of the complaint, either by record of their procedure or otherwise. What was the form or substance of the notice calling the meeting of the commissioners, what was the form or substance of the resolution passed, what was the form or substance of the notice of election or ballot used, in no manner appear. There is nothing in the allegations of the complaint from which the court might or could conclude whether or not the procedure on which the issuance of these bonds is sought was regular or irregular, other than the conclusion of the pleader. Where it appears that these public officers did take some action in the matter of submitting the said question to a vote, it was necessary for plaintiffs who sought to show irregularity in such proceedings, to allege, either in form or substance, what such action was, so that the court might conclude from the face of the pleadings as to the regularity thereof.

Finding no error in the record, the judgment of the circuit court is affirmed.