### HOEKMAN et al. v. IOWA CIVIL TP. et al.

Under Pol. Code, §§ 1151-1159, and under Laws 1909, c. 148, authorizing re-marking of boundary corners as established by federal surveys, township officers cannot, in a resurvey, ignore the original survey as made by the United States.

When a boundary mark made in a federal survey has been obliterated or lost, in relocating it the question is, not where the mark ought to be, if the township had been correctly surveyed, but where it is according to the original survey.

Any township taxpayer or property owner can enjoin adjustment of highways to an illegal survey.

In an action by township taxpayaers to enjoin adjustment of highways to an illegal survey, the particular boundaries of plaintiffs' lands are immaterial.

Before suing to restrain illegal action by township executive officers, a taxpayer need not demand that the township institute the suit.

A complaint by township taxpayers to enjoin adjustment of highways to an illegal survey was not demurrable as improperly joining causes of action, in that plaintiffs are not jointly interested.

(Opinion filed, October 26, 1911.)

Appeal from Circuit Court, Douglas County; Hon. R. B. TRIPP, Judge.

Action by Herman Hoekman and others against Iowa Civil Township and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

*E. P. Wanzer* and *C. H. Dillon,* for appellants.  *French &
Orvis* and *Gurley & Walker,* for respondents.

McCOY, J.  In this case defendants demurred to plaintiffs'
complaint on the grounds (1) that it does not state facts sufficient
to constitute a cause of action against defendants, or either of
them; (2) that there is a defect of parties plaintiff; (3) that
several causes of action have been improperly united in this:
That the plaintiffs are not in any way jointly interested in this
cause of action; that their interests are wholly several. The de-
murrer was overruled and exception taken, and such ruling of the
court now assigned as error.

The complaint demurred to is as follows: That plaintiffs and
each of them now are residents and taxpayers and owners in fee
and in severalty of a large amount of farm lands in said Iowa
civil township, in Douglas county, S. D., and bring this action on
behalf of themselves and all other persons similarly situated, who
desire to become parties plaintiff and share the expense of this
action.    That the defendant Iowa civil township is now, and for
more than 25 years has been, a public corporation, and that de-
fendants Henderson, Van der Meer, and Plooster are the duly
elected, qualified, and acting supervisors of said Iowa civil town-
ship, and that defendant Hoekman is clerk thereof.  That in 1868
the lands embraced in said township, then being a part of the
public lands of the United States, were duly surveyed and sub-
divided by a surveyor of the United States, under and by virtue
of the laws of the United States, and were officially known and
described as township 99 N., range 65 W., of the fifth principal
meridian.  That all the lands in said township, except school sec-
tions, were entered more than 25 years ago, under the laws of
the United States, and patents issued therefore to the claimants
thereof, among whom are plaintiffs herein, or their grantors, and
that plaintiffs and their grantors have since said entries possessed
and occupied said lands, and farmed and improved the same, and
claimed exclusive ownership thereto, in accordance with the ori-
ginal mounds, section, and quarter section corners made and es-
tablished by said United States survey thereof, and that during

all said time the section lines of said township, as marked by said original government mounds and corners, have been traveled by the public as highways, and large sums of money paid out and expended in building bridges and culverts and in working and grading said roads. That in 1886 and in 1890 one Huston, a surveyor, re-marked the original government mounds, section and quarter section corners in said township, and that such re-marking by Huston was coincident with and occupied the same place as the original markings made by the original government survey. That in July, 1909, the defendant Iowa civil township, through its board of supervisors, entered into an alleged contract with one Bruce, whereby Bruce agreed to erect land markers, consisting of red granite stones, at the section and quarter section corners of said township, at the points said corners were located by the original government survey, and that thereafter the said Bruce, professing to make a resurvey of all the lands embraced in said township, erected red granite stones at the points so designated by him as the section and quarter section corners of said township, and that thereafter, and shortly prior to the commencement of this action, the defendant Iowa civil township, acting through its board of supervisors, passed a resolution, therein described as a notice, declaring said lines as run and the corners as located by Bruce to be the true corners, and notifying all property owners to conform to said lines. That said notice was published in the Corsica Globe for three issues prior to the commencement of this action, and is as follows: "Whereas, at a special meeting in and for Iowa civil township, duly and legally called, held on the 10th day of July, 1909, it was decided to erect landmarks at the section and quarter section corners of said township, and that the supervisors of said township should contract with some competent. surveyor for the erection of such landmarks; and whereas, the supervisors of said township entered into a valid contract with one W. L. Bruce, of Yankton, South Dakota, for the erection of such landmarks throughout the township; and whereas, under and in accordance with said contract such landmarks have now been erected at all section and quarter section corners throughout said township: Now, therefore, notice is hereby given, that

said landmarks, being red granite stones, indicate the true section and quarter section corners throughout said township, and therefore indicate the true section lines and public highways of said township, and all landowners and land occupants of said township are hereby notified to forthwith remove all fences and other obstruction now located in or upon any of the section lines or public highways of said township, as indicated by said landmarks, and in all things to forthwith conform to the section lines and highways, as indicated by said red granite landmarks. And you are further notified that, unless you have in all respects complied with this notice within ten days from the date of the first publication thereof, the board of supervisors of said township will proceed by all necessary and legal means to remove all obstructions from the section lines and public highways, as indicated by such landmarks. By order of the Board of Supervisors of Iowa civil township. Attest: Gerrit Hoekman, Clerk, C. Van der Meer, Chairman." That said Bruce, in making said alleged resurvey of said township and placing of said landmarks, did not follow or regard, and did not attempt to follow or regard, the original government mounds so placed and established when said lands were originally surveyed under the laws of the United States; nor to ascertain the original location of said mounds, and did not observe and follow the boundaries and monuments as run and marked by the original survey, nor to ascertain the original location of such mounds when the same had become obliterated, but absolutely disregarded the same, and likewise disregarded the survey of said Huston and the original mounds found, located, and described by him. That in re-establishing lost or destroyed corners said Bruce did not follow the rules adopted by the general government in the resurvey of public lands, but wholly disregarded such instructions; that said Bruce did not run his north and south lines straight from one side of the township to the other, but varied the lines, running the same through the two lower tiers of section of said township in different directions from the lines running north and south through the remaining sections thereof, and made said alleged resurvey and located said alleged

landmarks, not for the purpose of making the same conform with the original government mounds, but for the purpose, apparently, of equalizing and making uniform in amount of acreage the different quarter sections in said township, and for the correction of alleged errors in said original United States government survey. That said alleged section lines and corners and red granite landmarks so made and erected by said Bruce do not follow existing roads and highways, but run through fields and groves, and in some instances through farm buildings, all of which improvements were made by landowners in reliance upon the original government survey and the mounds indicating the same, so located and established in 1868, and said lines and marks so made by Bruce are entirely different from the United States government survey and the mounds made and established thereby, and in many instances vary as much as 120 rods from the United States government survey and the mounds made and established thereby, and the existing roads and highways now located thereunder. That defendant Iowa civil township, through its board of supervisors, threatens to open up and establish roads and highways through said township upon the lines indicated by red granite marks, and to discontinue and abandon the roads now opened up and established on the true section lines in said township, and to tear down and remove all fences, groves, buildings, and other improvements now existing upon the pretended section lines as run by said Bruce, and at a large expense, to wit, the sum of upwards of $400, has employed and is about to employ counsel for that purpose, and, unless restrained by order of this court, the plaintiffs believe it will do so, and that these plaintiffs have no plain, speedy, or adequate remedy at law. That if defendants are so permitted to do, and unless restrained, they will trespass upon an enormous amount of private property of these plaintiffs and others, for the purpose of laying out new roads and highways, no part of which has been condemned or obtained for public use, and will subject the defendant Iowa civil township to a multiplicity of suits on the part of aggrieved landowners, and will incur an enormous expense for condemnation of such property, and damages, and the opening up and establishing of new highways and removing

fences, buildings, and the other improvements therefrom, and for the expense of working and grading said new highways and erecting bridges and culverts across the same, and for attorney's fees to be incurred in such litigation. That the said action of defendants in threatening to lay out new roads has cast a cloud upon the title of the lands in said township belonging to plaintiffs and others similarly situated. That by reason of such action of defendants the public highways of said township are not worked, and will become impassable. Wherefore, plaintiffs pray that the defendants, their officers, agents and employes be permanently enjoined and restrained from opening up the new roads and highways along the lines indicated by the red granite stones placed by W. L. Bruce, and from making any further attempt to change the roads and highways in said township where the same have been traveled, laid out, worked, and improved, and that a temporary injunction or restraining order be granted, restraining the said defendants, their officers, and agents from so doing during the pendency of this action. That the defendants, their officers and agents, be restrained and enjoined from ceasing and refusing to cause the existing roads and highways of said township along the section lines and government mounds made and established by the United States government surveys, as aforesaid, to be worked, graded, and kept in condition for public travel, and that the existing highways, as aforesaid, be by this court declared to be laid out in accordance with the original United States government survey, as aforesaid, and that the red granite stones, alleged landmarks, as aforesaid, be by this court declared and adjudged not to have been erected or located in accordance with the said United States government survey, and for such other and further relief as to the court shall seem just and equitable, the premises considered, and for the costs and disbursements of this action.

[1] We are of the opinion that the demurrer was properly overruled. It appears from the allegations of the complaint that the landmarks erected by Surveyor Bruce were not placed in accordance with the United States survey, but in accordance with a resurvey of the township made by himself, and which ignored

and materially varied from the original survey as made by the United States. This neither Bruce nor the supervisors of Iowa civil township had any authority to do, under section 1151 to 1159, inclusive, Rev. Pol. Code, nor under chapter 148, Laws 1909. The only authority conferred by this statute law is to mark the corners as located and established by the United States survey. The plaintiffs and their grantors, and all others similarly situated, acquired title from the United States, and own and hold their lands according to the United States government survey.

[2] When a government mound or mark has been obliterated or lost in the relocation thereof, the question is, not where such government mound ought to be, if the township had been correctly surveyed, but where it really and in fact was according to the survey as made by the United States, under which title was acquired from the United States. This seems to be the uniform holding. Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4; Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646; Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682. In Climer v. Wallace, 28 Mo. 556, the court said: "The corners established by the original surveyors under the authority of the United States could not be altered, whether properly placed or not, and no error in placing them could be corrected by individuals, or by any surveyor deriving his authority from the laws of the state." This opinion was quoted with approval in Randall v. Burk Township, supra. The alleged resurvey by Bruce materially interferes with the highways of said civil township, in which all the taxpayers and property owners of the township are interested.

[3, 4] It appears from the complaint that much expense would be occasioned to the taxpayers and property owners in adjusting the highways to the section lines as run by Bruce, and if this resurvey as made by Bruce is illegal, and the expense of so adjusting the highways thereto unwarranted, it is a matter of which any taxpayer or property owner, or any member thereof, might properly complain. We are therefore of the opinion that the complaint states a cause of action against defendants. It is

also contended by appellants that the complaint is insuffiicient, in that plaintiffs have not particularly described the lands owned by them. It will be observed that the action of defendants, sought to be restrained, is of a public nature, affecting alike all the taxpayers and property owners of the civil township, and that this action was instituted by plaintiffs as taxpayers and property owners of the township. This court has on numerous occasions held that such persons might maintain an action to restrain the illegal and unwarranted action of public officers. Weatherer v. Herron, 25 S. D. 208, 126, N. W. 244; State v. Lien, 9 S. D. 297, 68 N. W. 748; State v. Menzie, 17 S. D. 535, 97 N. W. 745, Plaintiffs are proceeding in this action, not for a trespass or invasion of their individual property rights, but as taxpayers and property owners of a township in which they have an interest, and in such action the particular boundaries of plaintiff's lands are immaterial.

[5] It is also contended that there is a defect of parties plaintiff, in that Iowa civil township did not join as a party plaintiff, or at least should have refused to become a party plaintiff, before plaintiffs were authorized to commence action. If such were the unqualified rule the interested taxpayer would often be without a remedy through the connivance of dishonest officeholders. Under the circumstances alleged in the complaint, it would hardly seem necessary to first have made a demand upon Iowa civil township to institute a suit as plaintiff against the other defendants, its officers. A civil township can only act by and through its executive officers, which is the board of supervisors. It would, under the circumstances alleged, have been an idle and unavailing, as well as an absurd, performance to have requested this board of supervisors to commence an action, in the name of the township, as plaintiff, against themselves as defendants, to restrain themselves from alleged illegal official action. Of course there are many cases where a taxpayer and property owner of a municipality should appropriately request the municipal officers to begin action, before the taxpayer would be warranted or authorized in beginning such action; but this is not one of such cases, espe-

cially when the officers who should begin the action are the ones of whose alleged illegal action complaint is made. Bever v. Town of Crandon, 98 Wis. 306, 73 N. W. 771; Mock v. Santa Rosa, 126 Cal. 330, 58 Pac. 826; sections 919-923, Dillon, Municipal Corporations; 28 Cyc. 1745. We are therefore of the opinion that Iowa civil township was not necessarily a party plaintiff to this action.

[6] Appellants also contend that several causes of action have been improperly united, in that plaintiffs are not in any way jointly interested in this cause of action. We are of the opinion that this contention is untenable. "It has been well decided that one or more taxpayers, without showing any other injury than that which they will suffer in common with other property holders of the municipality, may file a bill to restrain illegal action of the municipal officers." Section 919, Dillon, Munic. Corp. We are of the opinion that but one cause of action is alleged in the complaint.

Finding no error in the record, the order appealed from is affirmed, and defendant given 30 days from the filing of the remittitur with the clerk of the circuit court in which to serve answer to said complaint.