CLARK et al, Appellants v. COUNTY OF BEADLE et al,
Respondents.

(173 N. W. 743).

(File No. 4316. Opinion filed July 22, 1919)

1. **Appeals—Error, Assignment of Re Sufficiency of Evidence, Undisputed Evidence Precluding Relief, Effect.**

The undisputed evidence precluding relief prayed for, assignments of error questioning rulings on receipt of evidence, and its sufficiency to support findings, will not be reviewed.

2. **Injunctions—Taxpayers Enjoining County Bridge Builders—Accepted Unlawful Lump Bid, Saving to County—Laches, No Appeal re Denial of Temporary Injunction, Contractors' Expenditures Under Contract, Effect.**

In a suit by taxpayers, not rejected bidders, against board of county commissioners, to permanently enjoin defendants from paying a bridge company money on its accepted contract with the county for construction of bridges and repair of a bridge; the bridge company not having been made party defendant until some 15 days after a temporary injunction against the county had been denied and about 4 months after the bids by bridge company had been accepted, said company having, through orders placed immediately after bid accepted, procured the cutting and riveting of the material and delivery of a major portion thereof before suit commenced, such materials not being usable for bridges of any different size from that of those being constructed, some 75% of the contract price having been expended in material, freightage, labor, etc., the county having saved over $1100 through acceptance of such bid as against other bidders, plaintiffs not having appealed from an order denying a temporary injunction; held, that trial court's conclusions that plaintiff was guilty of laches in delaying suit, that they as taxpayers had not been damaged by so awarding the contract, and were estopped from maintaining the suit, were not erroneous; this although the bridge company's bid, in failing to make specific bid on each bridge, and not depositing a separate check under each bid, failed to comply with the statute and such bids being without statutory authority, and notwithstanding the bridge company's bid reserved the right to refuse to accept any award unless it was awarded the contract for all the work; it appearing that the county commissioners acted in good faith, no fraud being shown.

3. **Appeals—Error—Denial of Temporary Injunction, Non-assignment of Error Re, Effect re Abuse of Discretion.**

Where appellants on appeal from a judgment granting permanent injunction, failed to question correctness of court's rul-

ing denying temporary injunction, they thereby conceded there was no abuse of judicial discretion in such ruling.

4. **Injunctions—Permanently Enjoining Construction, Payment, Under County Bridge Contract, After Part Performance, Whether Proper—Knowledge of Awarding Contract, Effect re Injunction —Plaintiff's Remedy, At Law.**

Where, in a suit against county commissioners to enjoin them from paying for, and a bridge company afterward made defendant from constructing bridges under a contract awarded it, the company not having been made defendant until 4 months after contract awarded and until 75 % of contract price had been expended by it in execution of the contract, it appearing that one of plaintiffs had actual knowledge and other plaintiffs constructive knowledge of the awarding of the contract; held, that to have granted a permanent injunction would have entailed great loss to bridge company and great inconvenience, if not financial loss, to the public for whose benefit the work was contracted; and the injunction was properly refused; plaintiffs having failed to appeal to circuit court from action of county commissioners in awarding the contract (Rev. Pol. Code 1903, Sec. 850, Sec. 5886, Rev. Code 1919); there being no evidence that loss would result to plaintiffs as taxpayers, it appearing that they were gainers through execution of the contract; and their remedy, if any, was at law.

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by Richard W. Clark and Frank Jaehn, on behalf of themselves and all county taxpayers similarly situated, against the County of Beadle and T. C. Young and others as county commissioners of the County of Beadle, and The Iowa Bridge Company, a corporation, to enjoin defendant commissioners from paying for, and defendant bridge company from constructing certain county bridges, etc. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

A. W. Wilmarth, for Appellants.

A. A. Chamberlain, and Gardner & Churchill, for Respondents.

(1) To point two of the opinion, re injunction, Appellants cited:

Winn v. Shaw, 87 Calif., 631, 25 Pac. 968; Bradford v. The City of San Francisco, 112 Calif., 537, 44 Pac., 912; Board of Commissioners v. Gillies, 138 Ind., 667, 38 N. E., 40; To the

point re bids, cited: Mueller v. Euclair Co., 108 Wis., 304, 84 N. W. 430.

Respondent cited, re laches: 14 R. C. L. 362, 358-9; Pennsylvania Mutual Life Ins. Co. v. Austin, 168 U. S. 685; Traphagen v. Mayor, 29 N. J. Eq. 206; State ex rel. v. Mayor of LaCrosse (Wis.) 77 N. W. 167; Sherer v. Hütterishce Bruder Gemeinde, 28 S. D. 509; Re bids, cited: Rabling v. Board of Commissioners, (Ind.), 40 N. E. 1079; Re check, cited: Tooele Building Assn. v. Tooele High School District (Utah) 134 Pac. 894; Re lump bid, cited: State v. Board, 46 O. St. 374.

WHITING, J. Chapter 106, Laws of 1915, empowered boards of county commissioners to contract for the building and repair of bridges. Such law required the giving of notices for, and the filing of, sealed bids; that there should be a separate bid for each bridge to be built or repaired; and that each bid should be accompanied by a certified check in the amount of 10 per cent. of the bid. Such law did not authorize a lump bid on several bridges; neither did it provide for the bidding or contracting for cost of material or labor made necessary because of enforced changes in plans and specifications of bridges. Beadle county gave notice that it would receive bids for certain bridges and repairs, namely, six new bridges and repairs for one. Bids were presented by several bidders, some bidding on a part of the bridges and some on all. There were separate bids on each bridge and on the repair work; there were also lump bids both on the six bridges as well as on such bridges and the repairs for the seventh. Plaintiffs filed bids on each of three bridges. Defendant Iowa Bridge Company, hereafter called the "Bridge Company," filed bids on each of the seven jobs, a lump bid for the six bridges, a lump bid for the whole seven jobs, and also a bid for extra work. The Bridge Company's bids were not accompanied by a separate check for each bid, but were accompanied by a single check, the exact amount of which does not appear, but which was at least 10 per cent. of the lump sum bid on all seven jobs. The Bridge Company's bid contained a reservation, reserving the right "to refuse to accept any award unless we are awarded contract for all the work." Plaintiffs' bids were the lowest separate bids on two of the bridges, but the Bridge Company's lump bid on all seven jobs was considerably less than any com-

bination of separate bids on such jobs. The county commission-
ers opened the bids January 2, 1917, and, on the same day,
awarded the contract to the Bridge Company in accordance with
its lump bid for the seven jobs and its bid for extra work.

This action was commenced against all the defendants other
than the Bridge Company. The relief sought was the restrain-
ing of the county and its officers from paying the Bridge Com-
pany any money on its contract with the county, and "for such
other and further relief as to the court may seem just and equit-
able." · On March 22, 1917, the summons and an order to show
cause why a restraining order should not issue restraining the
payment of money on the contract were served. The order to
show cause was heard and temporary injunction denied April 16,
1917. No separate appeal was taken from the order denying the
temporary injunction, and the granting of such order is not as-
signed as error on this appeal. An amended summons and com-
plaint, joining the Bridge Company as party defendant, was de-
livered to the sheriff for service April 12, 1917, and served on
the Bridge Company May 1, 1917: The cause was tried in July,
1917. Findings, conclusions, and judgment were for defendants.
From such judgment and an order denying a new trial this ap-
peal was taken.

Pending this appeal the contract was fully performed by
both parties thereto, and, contending that there remained but a
moot question, respondents moved the dismissal of the appeal.
This was denied. See Clark v. Beadle County, 169 N. W. 23;
Id., 170 N. W. 518. As will be seen from an examination of
the above decisions, the merits of this appeal were in no manner
involved in the motion to dismiss.

[1, 2] There are numerous assignments of error questioning
the rulings upon receipt of evidence and the sufficiency of the
evidence to support the findings. We deem it unnecessary to
consider such assignments, as we are of the opinion that, under
the undisputed facts, appellants were not entitled to the relief
prayed for. That the bids of the Bridge Company were not in
accord with the requirements of the statute seems to be undis-
puted. There was absolutely no authority for the lump bid—
the one under which the award was made. The Bridge Com-
pany's separate bids were not entitled to consideration because of

the "string" thereon. On the other hand, no question of want of good faith or of fraud on the part of respondents is raised. The county commissioners undoubtedly acted in perfect good faith, and, while they were without authority to recognize any bid made by the Bridge Company, they did so, and by their action saved the county something over $1,100. Appellants did not bring this action as rejected bidders, but as taxpayers. The Bridge Company is a corporation having its principal place of business in Iowa. It appears that immediately after the contract was awarded the Bridge Company placed orders for all material; that such material was cut and riveted and a large portion thereof delivered in Beadle county before this action was instituted; that material cut and riveted for one of these bridges could not be used for any bridge of different size; and that at the time of trial the Bridge Company had expended for material, freightage, labor, etc., some 75 per cent. of the amount it was to receive under the contract. One of the appellants was present at the opening of the bids and the awarding of the contract.

The trial court concluded that appellants were guilty of laches in delaying the commencing of this action; that they, as taxpayers, had not been damaged or injured by the awarding of the contract to the Bridge Company; and that they should be held estopped from maintaining this action. We are of the view that there was no error in such conclusions.

[3, 4] Appellants have not questioned the correctness of the trial court's ruling denying an injunction pendente lite, and they must be held to concede that there was no abuse of judicial discretion in the making of such ruling. This cause stands as though appellants had sought the permanent injunction only. Appellants did not make the Bridge Company a party until four months after the contract was awarded and long after it had entered upon the performance of such contract and had expended, or become liable for, a large portion of what it would receive from the contract. For the trial court to have granted the permanent injunction would have brought great loss to the Bridge Company and undoubtedly great inconvenience, if not financial loss, to the public, for whose benefit the work was contracted. One of the appellants had actual knowledge and the other constructive knowledge that the contract had been awarded the

Bridge Company. A proper notice that bids would be received had been given, and the matter of awarding contracts was properly before the defendant commissioners, thus giving to appellants a right to appeal to the circuit court from the action of the county commissioners. Section 850, Rev. Pol. Code 1903; section 5886, Rev. Code 1919; Board of Com'rs v. Railway Co., 26 S. D. 57, 127 N. W. 728. They did not see fit to avail themselves of this adequate statutory remedy. There is absolutely no evidence that any loss would result to them, as taxpayers, through the carrying out of this contract; in fact, as taxpayers, they were the gainers thereby. They are not in a position to ask this equitable relief, but should be left to such remedy, if any, as the law, as distinguished from equity, affords. Penn. Mutual Life Insurance Co. v. Austin, 168 U. S. 685, 18 Sup. Ct. 223, 42 L. Ed. 626; 14 R. C. L. 362.

The judgment and order appealed fro mare affirmed.