LOSEE et al., Appellants, v. HETTICH et al., Respondents

(54 N. W.2d 353)

(File No. 9252. Opinion filed July 22, 1952)

Rehearing denied September 30, 1952

**Raymond Hieb,** Ipswich, for Plaintiffs-Appellants.

**J. M. Berry,** Ipswich, for Defendants-Respondents.

RUDOLPH, J.   Plaintiffs seek to restrain the Board of Supervisors of Montpelier Township from paying for the construction of one mile of township road.   The trial court refused the injunction and plaintiffs have appealed.   We affirm the judgment.

Defendant supervisors had agreed with an adjoining township that the road in question, which is a boundary between the two townships, should be constructed by Montpelier Township.   The supervisors had agreed among themselves that each supervisor would be responsible for the roads in certain portions of the township.   The responsibility for this road fell to Supervisor Beyers, who proceeded to have the road built at an agreed price of $450 for the grading, and $12 an hour for such scraper work as was necessary.   There was no entry upon the minutes of the Board regarding this road, and it was never authorized at any meeting of the Board.   No written contract was entered into for the construction of the road, no plans or specifications were submitted to the County Highway Superintendent for approval, nor was there an advertisement for bids.

The cost of the work did not exceed $1,000, and no advertising for bids was necessary if plans and specifications

were submitted to the County Highway Superintendent as provided in SDC 28.0401.

We may concede that the action of the Board of Supervisors in contracting for this road was ultra vires, in that there was a violation of statutory provisions relating to contracts by township. However, it was the duty of the township supervisors to "arrange for the construction, repair, and maintenance" of this particular highway, which is a secondary road within the township. SDC 28.0401. It appears, therefore, that the Board was not exceeding its statutory power, but only failed to exercise such power in the manner required by statute.

This is a suit for an injunction to restrain the Board from paying for the road after the work has been fully completed and the township is enjoying the benefits thereof. It is established in this state that injunction is not a remedy which issues as of course, but its granting or refusal rests in the sound discretion of the trial court under the facts of each particular case. Parsons v. City of Sioux Falls, 65 S. D. 145, 272 N.W. 288. In exercising such discretion the trial court may consider whether the granting of an injunction will operate inequitably or contrary to the real justice of the case. Among the various considerations presented by each case, the trial judge may consider the acts of the complainant and determine whether he has improperly delayed action until the rights of third persons have intervened and whether the granting of an injunction would work substantial injury to such rights. 43 C.J.S., Injunctions, 355, § 31.

It is clear from the record that there was no fraud or collusion in this case. The trial court found, and there is no evidence to the contrary, that the "work was necessary and done in good faith by both the contractor and the Board of Supervisors of said Township". The court further found, and it is not disputed, that the work in building the road was performed under the supervision of the County Highway Superintendent, who approved the work upon its completion, and that the township received full value. It further appears that complainants knew of the construction of this road shortly after work was started but made no attempt to en-

join the construction; it is sought only to enjoin the payment for the work after the road is completed.

■ Under these circumstances the trial court, exercising the discretion with which it is vested, refused to issue the injunction. Our two sister states of Iowa and Minnesota have held that while a contract of a public body may be utra vires, yet if it has been performed in good faith by the contractor, and it would be more inequitable to grant an injunction restraining the payment contracted to be made than to refuse it, an injunction asked for by a taxpayer may be refused. Miller v. Des Moines, 143 Iowa 409, 122 N.W. 226, 23 L.R.A.,N.S., 815; Farmer v. City of St. Paul, 65 Minn. 176, 67 N.W. 990, 33 L.R.A. 199. This state has held in substantial accord with the Iowa and Minnesota holdings. Wood v. Bangs, 1 Dak. 179 (172), 46 N.W. 586; Clark v. County of Beadle, 42 S. D. 146, 173 N.W. 743. Whether this rule would be applicable were the township entirely without power to build this road we express no opinion, but in such a case as this where it is within the power of the township to build the road and the township has simply failed to exercise that power in the manner prescribed by statute we believe the rule is in accord with equitable principles and not subject to the application of a wrong or bad purpose. We, therefore, affirm the action of the trial court.

■ The case was submitted to the trial court on March 23, 1950. On April 25, 1950 appellants asked to amend their complaint to conform to proof which they assert establish the allegations which they seek to incorporate as an amendment to the complaint. This request was refused. The amendment seeks to bring the case within the provisions of SDC 58.0304, which is as follows:

"No township has power to contract debts or make expenditures for any one year in excess of the amount of taxes assessed for such year, without having been authorized by a majority of the voters of such township."

The record nowhere discloses the amount of taxes assessed. There is some oral testimony regarding the amount of money in the treasury at the time of trial, but this falls far short of establishing the amount of taxes assessed for 1949. There is also the following testimony:

"A. The understanding was, we wasn't going to pay it tomorrow, we was going to pay it as we got tax money in.

"Q. Is that the way you generally do your business, to have work done and then pay for it out of next year's taxes. A. Well, it was just paid that way, I guess."

While this testimony might raise a suspicion that the taxes assessed for 1949 would not pay for this road, yet it fails to establish the fact, and we cannot hold that the trial court abused its discretion in refusing the amendment.

The judgment appealed from is affirmed.

SICKEL, P. J., and LEEDOM and SMITH, JJ., concur.

ROBERTS, J., dissents.

ROBERTS, J. (dissenting). I cannot agree with the majority opinion holding that taxpayers may not enjoin payment under an illegal or unauthorized contract if the court finds that the indebtedness is just and equitable and the parties acted in good faith.

It is well settled that taxpayers are entitled to maintain a suit to enjoin illegal action by public officers. Graves v. Jasper School Township, 2 S. D. 414, 50 N.W. 904; Weatherer v. Herron, 25 S. D. 208, 126 N.W. 244; Hoekman v. Iowa Civil Township, 28 S. D. 206, 132 N.W. 1004. Whether a contract for public work is to be entered into through private negotiations or only after competitive bidding is a matter of legislative policy and such requirement is uniformly construed as mandatory and nonobservance renders a contract void. Seim v. Ind. Dist. of Monroe, 70 S. D. 315, 17 N.W.2d 342. It is not a matter of failure to comply strictly with technical or incidental directions of a statute which would not invalidate the contract. The contract being void in its inception, it does not derive vitality from performance and acceptance of resulting benefits. There is a fundamental difference insofar as equitable considerations are concerned between this case and Bartron v. Codington County, 68 S. D. 309, 2 N.W.2d 337, 140 A.L.R. 550, wherein there was a denial of the right of recovery into the county treasury of money paid under an illegal contract. In Bechthold v. City of Wauwatosa, 228 Wis. 544, 277 N.W. 657, 280 N.W. 320, 323, discussing such distinction, the court concluded:

"Whether a court of equity will exercise its powers in cases where the money has been paid out is quite a different question than whether the court should exercise its powers to prevent payment. In the first case the court determines upon what consideration its equitable powers should be exercised. That is a judicial question. In the second case the question is whether a valid mandate of the legislature shall be upheld. That is a matter not committed to the discretion of the court."

Cases like Farmer v. City of St. Paul, 65 Minn. 176, 67 N.W. 990, 33 L.R.A. 199, holding that a court may refuse to enjoin an act when it seems more equitable to grant than to refuse an injunction, says an eminent authority, "are of rare occurrence, and must depend upon their own facts." Pomeroy's Equity Jurisprudence, 4th Ed., § 1776. It appears in that case that a taxpayer sought to enjoin payments to a private charitable corporation for the board of prisoners. The court held that the contract was only "technically illegal". This result apparently was founded on the fact that the city was liable to pay for the board of prisoners at some proper place of confinement. The decision does not lend support to a doctrine that the matter of payment under a contract made in violation of mandatory provisions of statute is committed to the discretion of the court.

The attendant circumstances present in Wood v. Bangs, 1 Dak. 179 (172), 46 N.W. 586, and Clark v. County of Beadle, 42 S. D. 146, 173 N.W. 743, are distinguishable and the holdings in those cases are not here applicable. Plaintiffs in both cases failed to pursue the statutory right of appeal from decisions of boards of county commissioners and consequently equitable action for injunctive relief would not lie. The dictum in the first case cited to the effect that a taxpayer for himself and others cannot bring suit to prevent illegal action by county officers cannot be justified on principle. A contrary rule since that decision has been applied as above indicated.

The threatened act complained of in the instant case will result in the expenditure of township funds raised by taxation and taxpayers have no other prompt remedy whereby they can protect themselves against the illegal contract.

Defendants are township officers and have no claim against the township. If the contractor has any rights against the township, he will not be deprived of them by a judgment in this action. He is not here a party. The question whether the agreed price under the illegal contract is the reasonable value of the work is not here for consideration. For these reasons I think the judgment appealed should be reversed.