## WENTZEL et al. v. CLAUSSEN et al.

Evidence in a boundary line case affecting an entire township held to show overwhelmingly that many of the original government mounds and pits located within the township lines were still visible; that, though the others had become obliterated, yet, in view of the proof of their former location as shown by "calls," fences, highways, groves, etc., few, if any, of such mounds had been "lost"; that, if any had become "lost", they could have readily been located by measuring from visible mounds or from restored "obliterated" mounds.

Haney, J., dissenting.

(Opinion filed, July 19, 1910.)

Appeal from Circuit Court, Douglass County. Hon. E. G. SMITH, Judge.

Action by Joseph Wentzel and others against Isaac Claussen and another. From a judgment for plaintiffs and an order denying a new trial, defendants appeal. Reversed.

*French & Orvis,* for appellants. *Wanzer & Dillon,* for respondents.

WHITING, P. J. This action was brought to determine the title to, and recover damages for withholding possession of, a certain strip of land comprising some 20 acres which the plaintiffs claim was a part of the S. ½ of section 7 in a certain township, and which defendants claim was a part of the N. ½ of section 18 in said township. It was the claim of the plaintiffs that the original government section and quarter corners, except on township lines, had all become "lost" in this township, and that upon a resurvey being made to establish such "lost" corners, which resurvey it is claimed and may be conceded was made as required in case of lost corners, the corners were so located as to show them entitled to the relief asked for. It is the claim of defendants that many of the original government section and quarter corners were still at time of trial of action clearly visible, and that, while some of the corners had become "obliterated," there were none that had become "lost." The cause was tried to a court and jury. The jury reported findings to the effect that the corners, not on township lines, had become "lost." The court adopted these findings and entered conclusions and judgment in favor of plaintiffs. A new trial having been denied, defendants have appealed to this court from such judgment and order denying a new trial.

The resurvey of this township was the work of one Van Antwerp, who had been employed by the authorities of said township to locate the section and quarter corners therein. At that time this township had been settled some 25 years, and roads had been established, supposedly on the section lines, fences built to agree with such highways, in some places the roads had been worked, and also groves had been set out along such roads. According to the testimony of Van Antwerp, he was unable to find any mounds inside of the township lines that he considered government mounds. He inquired of the settlers to try and ascertain

the location of such government mounds and was unable to locate same. He concluded that such mounds were lost, and he then proceeded, according to the established rules, to locate the section and quarter corners throughout the township. This locating was done by running direct lines from section corners on south to corresponding corners on north side of township, and by running lines from the section corners on east side of township to corresponding corners on west side, the intersections of the lines thus marking the section corners. From these section corners he located the quarter section corners. For the purpose of showing the difference between the location of the corners as shown by the roads, etc., and those located by the resurvey, we attach hereto an exhibit.

Upon this exhibit the unbroken lines show lines of resurvey, the broken lines the corners recognized by roads, fences, trees, etc. While only one line each way across the township is shown, it is readily seen that the final judgment in this case affects the owners of every government division of the township.

Conceding that the resurvey was made correctly, providing a resurvey was permissible, the sole question before us is whether, under the evidence, it appears that the government corners were "lost." Unless such corners were "lost," there could rightfully be no resurvey, and, if only part were lost, the resurvey could only be had

to locate such as were lost. No question could be raised as to the qualifications of the witness Van Antwerp as a practical surveyor. Upon the trial, without the calling of any other witnesses to prove that the government corners within the township lines had become "lost," Van Antwerp was allowed to testify that he had inquired of the settlers as to location of the original corners, though he could not give the name of a settler consulted by him; that he had examined certain mounds and pits claimed by the defendants to mark some of the corners; and that in his opinion the government corners were "lost." Then his testimony as to re-survey was received. A copy of the government field notes was received in evidence. Van Antwerp's resurvey does not agree with such field notes. Such field notes contain several "calls," giving distance from corners to natural runways. Van Antwerp's re-survey does not agree with such "calls." Van Antwerp testified that he had no doubt that government mounds had been erected by the surveyors at the several corners. There was no evidence as to the date of the survey of township lines, but the field notes show that the interior lines were surveyed in November, 1867. A witness called in rebuttal by the plaintiffs testified that he was a chainman on this 1867 survey, and that all the government mounds and pits were placed according to the survey. There therefore can be no question but that at each one of the section and quarter corners there were placed in 1867 a mound and pits. It was admitted by Van Antwerp that he found certain mounds and pits, but he claimed they were so constructed that they did not comply with the government rules, and that in his opinion they were not made by the government surveyors. Certain of the mounds and pits found on the township line and claimed by Van Anwerp to be original mounds and pits were apparently in a condition the same as or similar to that of some of the interior mounds and pits rejected by him.

The plaintiffs called one Manback as a witness, and, without his testimony, there would in our opinion be no proof that the original corners were "lost." He claimed that in the year 1880 he was engaged in locating settlers in this township, which township was at that time wholly unsettled, that he was unable to find

any government mounds within the interior of the township, that with a small compass to get directions, and a buggy wheel to measure distances, he had not earler than fall of 1880 located the various corners and dug pits and erected mounds to mark same; and it is his claim and the theory of respondents that it was these corners so marked that were taken by the settlers as the true corners, by which corners roads were laid, fences built, and groves set out. This witness admits that he represented such corners as the government corners. There are many things to discredit this witness. The mere statement that he willfully misled the settlers whom he located is enough to throw suspicion upon his words. Common experience here in this prairie country must convince any reasonable man of the absolute improbability that all these government mounds had become effaced, especially when most of the township mounds remained, though such township mounds were erected first. Furthermore, the evidence on the part of the defense given by several old settlers who came as early as 1882, and part of whom were located by the witness Manback, shows that the mounds they found and which were in some instances pointed out to them by Manback were overgrown with grass and grass had even overgrown the bottom of the pits. The witness Van Antwerp in locating the township line mounds and pits seemed to put considerable weight upon the fact that he found them in the centers of traveled roads, that section corners on such lines were at intersections of roads, that fences had been built in accordance with such location of corners. These were matters which he had a right to, and it was his duty to take into consideration in determining whether the mounds he found were the government mounds, but he entirely rejected similar evidence in relation to mounds within the township limits. The mounds which the witness on behalf of the defense testified to as being the mounds found in the year 1882 were located where the highways had been established, fences had been built in accordance with same, and groves in some instances had been set out along the highways connecting such corners. The evidence of the defense showed that with one or two exceptions "calls" noted on the field notes agreed with the lines claimed by the defense, while there was.

no evidence that the same was true as regards the lines claimed by the plaintiffs, and it clearly appears that measuring on the lines claimed by plaintiffs the "calls" would not have been anywhere near where located in the field notes.

To our minds the evidence was overwhelming to prove that many of the original government mounds and pits located within the township lines were still visible; that though the others had become obliterated, yet, in view of the proof of their former location as shown by "calls," fences, highways, groves, etc., few, if any, of such mounds had been "lost"; that, if any had become "lost," they could have readily been located at their true location by measuring from the visible mound or from restored "obliterated" mounds. Certainly where people for 20 or more years have recognized lines as the true boundaries throughout a whole township, there must be most satisfactory proof that the government corners have become absolutely "lost," as distinguished from "obliterated," before it will be allowed the township authorities or private parties to institute a new survey and locate corners throughout a township at points clearly not where the original corners were located.

The judgment of the trial court and order denying a new trial are reversed.

HANEY, J., dissenting. CORSON, J., concurs in the result. SMITH, J., not sitting.