BYRNE, Respondent, v. McKEACHIE, Appellant.

(149 N. W. 552.)

1. **Boundary Lines—Lost Corners, Distinguished From Obliterated —Re-location, When.**

Where people for twenty years or more have recognized lines as the true boundaries throughout a township, there must be most satisfactory proof that the government corners are lost, as distinguished from obliterated, before township authorities, or private parties, will be allowed to institute a new survey and locate corners throughout a township at points clearly not

where the original corners were located; following Wentzel v. Claussen, 26 S. D. 89.

**2. Same—Lost Corners—Surveyor's Evidence, Competency of—Evidence of Original Corner, Conclusiveness of.**

Where a township had been settled and boundary lines recognized for over thirty years, when internal lines were resurveyed, and new and different lines established, such new survey could be justified only upon the theory that the original corners were in fact lost, and **held**, that evidence of the surveyor as to the location of a disputed corner became immaterial and irrelevant whenever there was established, by competent evidence, the fact that any one of the original government corners had never been lost, provided such interior corner so established was one located upon either of the section lines crossed at the disputed corner, or was one from which the true location of a corner on either of such section lines could be fixed, and the location of such corner, as fixed by the surveyor, did not agree with the true location of such corner established by other evidence.

**3. Same—Government Survey, Conclusiveness of—Theory of Nonlost Corner—Irrelevancy of New Survey.**

A location by government surveyor, of a section corner, if it can be fixed, is controlling, no matter how erroneous his work was, or how far out of its proper location the government corner may have been established. **Held**, further, that if, as seems to be respondent's contention, the corner in dispute is not a lost corner, it should be located on that theory, and needs no new survey to assist in its location.

Smith, P. J., taking no part in the decision.

(Opinion filed November 30, 1914.)

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by Martin Byrne against William McKeachie, to determine title to, and to recover damages for use and occupation of land. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*French & Orvis*, for Appellant.

*T. J. Fitzpatrick*, and *Dillon & Warren*, for Respondent.

(2) Under point two of the opinion, Appellant cited: Randall v. Burke Township, 11 S. D. 40; Coulter v. Gudehus, 30 S. D. 616; Wentzel v. Claussen, 26 S. D. 89; Hoekman v. Iowa Civil Township, 28 S. D. 206; Mills v. Lehmann, 28 S. D. 347; Cronin v. Gore, 38 Mich. 281; Case v. Tripp, 49 Mich. 59; Stewart v. Carlton, 31 Mich. 269; Gregory v. Knight, 50 Mich. 61.

Respondent cited: Knoll v. Randolph, 92 N. W. 195;. Clark v. Thornburg, 92 N. W. 1056; Hootman v. Hootman, 111 N. W. 60; Propper v. Wohlwend, 112 N. W. 967; Mooreland v. Page, 2 Iowa, 139; Hess v. Meyer, 41 N. W. 422; Kellogg v. Finn, (S. D.) 119 N. W. 545; Philip v. Hiink, (S. D.) 114 N. W. 699; Moser v. Doffner, 125 N. W. 275.

WHITING, J.    This action was brought to determine title to, and to recover damages for the use and occupation of, a certain tract of land situate in township 95 N., range 55 W., in Yankton county, S. D.    The plaintiff, who was the owner of the N. W. ¼ of section 27 in said township, claims that the tract of land in question is a part of said quarter section; while the defendant, who is the owner of the N. E. ¼ of section 28 in said township, claims that the tract of land in question is a part of such quarter section.    The rights of the respective parties in and to said tract of land depend entirely upon the true location of the original government corner common to sections 21, 22, 27, and 28 of said township.    This cause was first tried in March, 1910, being then tried as a law case.    The jury returned both a general and also special verdicts in favor of the plaintiff.    Appeal was taken, and in Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343, this court held that this action was equitable in its nature and remanded the cause to the trial court for such court to make findings of fact and conclusions of law herein.    The trial court adopted the findings of the jury and rendered conclusions and judgment in favor of the plaintiff.    From such judgment defendant has appealed.

From the evidence submitted, it appears that the interior of said township was surveyed in November, 1863; that the first settlers came into said township in 1868 or 1869; that several of the settlers located in the early 70's; that, in the course of time, roads were laid out, trees planted, fences built, and houses and other buildings located in reference to certain points treated as the corners of the various sections of said township; that, at different times, surveys, more or less general, have been made within the said township, and that, finally, for some reason or other, the township itself employed a party to make a survey of the interior of the whole township and to locate the corners therein.    The work under this contract was done by one Van

Antwerp, undoubtedly one and the same party who did the surveying referred to in the case of Wentzel v. Claussen, 26 S. D. 89, 127 N. W. 621. Mr. Van Antwerp, treating all the interior corners of said township as lost corners, made a complete survey of the interior of such township. The corners established by such survey extended in direct lines across the said township, and, in the majority of cases, varied materially from the corners that had been adopted by the settlers of such township; the result being that the lines run by Van Antwerp, in one or more cases, cut through groves that had been planted, and, in at least one case, cut directly through a dwelling house. Van Antwerp justified his survey upon the ground that he was unable to find any mounds answering the description of government mounds and that, from inquires he had made from residents of such township during the years previous to the making of this survey, he was unable to locate the original government corners, and therefore considered them as lost corners.

[1] An examination of the record herein reveals facts strikingly like those in the case of Wentzel v. Claussen, supra, and we repeat what we said in that case, trusting it may serve as a guide for the future:

"Where people for 20 or more years have recognized lines as the true boundaries throughout a whole township, there must be most satisfactory proof that the government corners have become absolutely 'lost,' as distinguished from 'obliterated,' before it will be allowed the township authorities or private parties to institute a new survey and locate corners throughout a township at points clearly not where the original corners were located."

[2] The facts in this case vary from those in Wentzel v. Claussen, supra, in that, in this case, the township had been settled for over 30 years before the new survey was made. This last survey could only be justified upon the theory that there were corners which were in fact lost, and Van Antwerp's evidence as to the proper location of the corner in dispute becomes absolutely immaterial and irrelevant whenever there was established, by competent evidence, the fact that any one of the original government corners had never been lost, provided such interior corner so established was one located upon either of the section lines which cross at the disputed corner, or was one from which

the true location of a corner on either of such section lines could be fixed, and provided further the location of such corner as fixed by the surveyor did not agree with the true location of such corner established by other evidence. Mills v. Lehmann, 28 S. D. 347, 133 N. W. 807.

[3] No matter how erroneously the work of the government surveyor may have been done, and no matter how far out of its proper location a government corner may have been established, if such location can be fixed it must control. Hoekman v. Iowa Civil Twp., 28 S. D. 206, 132 N. W. 1004. It is the claim of appellant that the particular corner in dispute was originally marked by a government mound and pits and that such marks are still in existence. The court found that this corner is located where the same was fixed by Van Antwerp. Appellant contends that Van Antwerp's survey cannot be considered for the reason that at least a part of the interior corners of said township were clearly proven to never have been either lost or obliterated. In this contention appellant is right. Even the testimony of some of plaintiff's witnesses would establish the location of some of the original interior government corners and would further establish that such corners as located by Van Antwerp did not agree with the original government corners. Among the original government corners, the location of which is, to our minds, clearly established by the evidence herein, is the northwest corner of section 28. This corner is some 30 rods to the east of its location as fixed by Van Antwerp. That corner being established as the original government corner, it follows that, under the rules for locating a lost corner from known government corners, the point at the northwest of 27, which was fixed by Van Antwerp, and which respondent claims to be the true location of the corner of his quarter section, would not be the correct point for such restored corner. Respondent apparently recognizing that, with even this one original corner, the northwest of 28, established, Van Antwerp's restoration of lost corners—which restoration was made in utter disregard of the true location of the original government mound at the northwest corner of 28—must entirely fall, now insists that, utterly disregarding and laying to one side the testimony of Van Antwerp, there is yet ample testimony to

prove that the corner in dispute was never lost, and that it was at the point found by the trial court as the true location of such corner, which chances to be the point fixed by Van Antwerp. With this contention we are unable to agree. In the first place, the whole record shows that it was upon the testimony of Van Antwerp that respondent's case mainly rested; that his testimony must have controlled the trial court in its findings; that, without it, the clear preponderance of the evidence would be in favor of the location claimed by appellant. Furthermore, the court found the locations of all the other corners along the extended boundary lines of said section 27 and in every case found those corners as testified to by Van Antwerp, when, in the case of several of such corners, there was clear and satisfactory evidence of the location of the original government mound and that such mound was not located at the point fixed by Van Antwerp and by the findings of the court. If, as now seems to be contended by respondent, the corner in dispute is not a lost corner, it should be located upon that theory and needs no survey to assist in its location; on the other hand, if such corner is a lost corner, let the surveyor who attempts to restore it make his survey from the proper established government corners. This case must be reversed, not because we are satisfied from the evidence that the corner as claimed by appellant is the true location of the original government mound, but because the respondent has wholly failed to sustain the burden of proof resting upon him.

The Judgment is reversed.

SMITH, P. J., took no part herein.