LAWSON, Respondent, v. VIOLA TOWNSHIP, Appellant.

(210 N. W. 979.)

(File No. 5844.   Opinion filed December 6, 1926.)

1. **Boundaries—Evidence—Original Monument, if Found or Established, Marks True Corner, Though Resurvey Might Indicate Different Location.**

   In boundary dispute, where the location of original monument can be found or can be established by evidence, such location is the true corner, regardless of the fact that resurveys may show that it should have been located elsewhere.

2. **Boundaries—On Failure to Locate Original Monument, New Survey from Determined Points Following Original Field Notes May Establish True Corner.**

   In boundary dispute, where location of original monument cannot be established by evidence, corner may be established by new survey made from points that can be determined and in accordance with field notes of original survey.

3. **Boundaries—Evidence in Action for Township's Moving Road on Plaintiff's Land Held to Sustain Finding that Obliterated Stake Along Old Road Marked True Corner.**

   In action for township's moving road over on land claimed by plaintiff by virtue of original corner stake, since obliterated, which determined location of old road, evidence held sufficient to sustain finding that obliterated stake marked true corner of government survey.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Boundaries, Key-No. 3(3), 9 C. J. Secs. 18, 19; **(2)** Boundaries, Key-No. 54(2), 9 C. J. Sec. 19; **(3)** Boundaries, Key-No. 37(3), 9 C. J. Sec. 343.

Preference to monument in locating boundary, see 4 R. C. L. 101, et seq.; 1 R. C. L. Supp. 1060; 4 R. C. L. Supp. 251; 5 R. C. L. Supp. 228; 6 R. C. L. Supp. 240.

Appeal from Circuit Court, Jerauld County; HON. FRANK B. SMITH, Judge.

Action by A. W. Lawson against Viola Township, a civil township in Jerauld County. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*J. H. Lammers,* of Wessington Springs, for Appellant.

*L. L. Lawson* and *J. E. Whiting,* both of Woonsocket, for Respondent.

MORIARTY, C. The respondent sued the appellant township, alleging that he was the owner of the northwest quarter of section 3 in said township, and that, in grading a road along the west side of said land, the township had taken from said land a strip outside the legal limits of the highway, thereby appropriating about 2½ acres of respondent's land and tearing down certain of his fences.

The case was tried to the court, without a jury, and the court made findings favorable to plaintiff's contentions and entered judgment against the defendant township in the sum of $175. From such judgment and an order denying a new trial, this appeal is taken.

The sole contention raised by the assignments and briefs concerns the true location of the quarter corner at the southwest corner of respondent's land. The evidence shows that a road, on or near the west line of this land, has been in use for over 30 years and had been graded a little, in low spots only. A county bridge had been erected on the line of this old road, crossing a small creek, a little south of the south line of respondent's land. Fences had been built many years ago about 2 rods east and 2 rods west of the center of this old road. The appellant township has recently graded a new road which coincides with the old road at the northwest corner of respondent's land, but is about 87 feet east of the center of the old road, at the south line of said land. Respondent had a fence about 2 rods east of the center line of the old road and running parallel therewith. The construction of the new road removed part of this fence and left the southwest corner post thereof a considerable distance west of this new road grade. It is undisputed that this new grade renders the land occupied practically valueless for farming purposes.

One Schultz, a former owner of the respondent's land, testified that he saw the survey mounds and stakes at the northwest corner and the southwest corner of this land over 40 years ago, that he established the road between those mounds in 1884 by putting up stakes on the mounds and driving his team and wagon straight between them. He testified that when he did this the markings were still fresh, and that the old road followed the line thus established. He also testified that he set the corner post

at the southwest corner of the land now owned by respondent, and that he set said post about 2 rods east of the quarter corner mound. And he testified that said post was so set at the point where respondent's corner post now stands, between the new road and the old road. Another witness testified that he drew hay along the old road more than 20 years ago, and that what he believed to be survey pits were in the track of that old road about 2 rods west of the southwest corner of respondent's fence. Other witnesses testified to the long continued use of the old road and the presence of the fences on both sides thereof.

The government surveyor's field notes are in evidence. They show that a random line was run due north from the southwest corner of section 3, and that, at 80 chains and 25 links north of that corner, this random line intersected the township line 65 links west of the section corner established on said township line. From this section corner a line was run 28 minutes west of south for a distance of 40 chains and 25 links, and a permanent quarter mound established at that point.

Two surveyors testified. The one sworn on behalf of appellant testified that the center of the new grade was a straight line between the two section corners. But he admitted that he relied upon hearsay as to the location of said corners. He testified that, in cases where there was a variation in surveys such as that shown by the field notes, the line was run straight from section corner to section corner.

A surveyor sworn on behalf of respondent testified that, in such cases, the error is all thrown into the north half of the section, making the change in direction at the quarter corner.

The trial court made findings to the effect that the old road was the true line. Appellant contends that this is not supported by the evidence.

In contentions of this class, two distinct classes of cases are recognized: First, obliterated corner markings, where the original monuments of the survey are no longer visible, but the location of such monuments can be established by evidence. Second, lost corners, where the location of the monuments can neither be discerned nor established by evidence.

[1] The rule established by the courts is as follows: Where the location of the original monument can be found, or can

be established by evidence, such location shall be held to the true corner, regardless of the fact that resurveys may show that it should have been located elsewhere. Hoekman v. Iowa Civil Township, 28 S. D. 206, 132 N. W. 1004; Beardsley v. Crane, 52 Minn. 537, 54 N. W. 740; Nesselrode v. Parish, 59 Iowa, 570, 13 N. W. 746; Ogilvie v. Copeland, 145 Ill. 98, 33 N. E. 1085; Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4; Byrne v. McKeachie, 34 S. D. 589, 149 N. W. 552.

[2] But, where the location of the original monument can neither be discerned nor established by evidence, the corner may be established by a new survey, made from points that can be determined and in accordance with the field notes of the original survey. Randall v. Burk Township, supra.; Washington Rock Co. v. Young, 29 Utah, 108, 80 P. 382, 110 Am. St. Rep. 666.

[3] In the instant case, the trial court saw fit to treat the corner in dispute as an obliterated corner and not as a lost corner. And, on that theory, that court found that the southwest corner of respondent's land was at a point 87½ feet west of a true line between the northwest corner of section 3 and the southwest corner of section 3. In other words, that the grade of the new road, which appellant's surveyor testified was centered upon a straight line between the two section corners, is 87½ feet east of the government survey line ,at the point where it crosses the south line of respondent's land.

If the trial court believed the evidence as to the location of the original survey monuments, the case comes squarely within the decision of this court in Randall v. Burk Township, supra.

There is substantial evidence to support the findings of the trial court, and we cannot say that there is any preponderance of evidence against such findings. Therefore this court will treat the findings as conclusive.

The judgment and order appealed from are affirmed.